Charles E. Hires Company *v.* George A. Hires, Joseph H. Ingersoll and Robert C. Ingersoll, and George A. Hires, Joseph H. Ingersoll and Robert C. Ingersoll, trading as George A. Hires & Company, Appellants.

*Trade-marks—Unfair trade—Equity—Preliminary injunction—" Hires' Root Beer."*

A preliminary injunction will be awarded and continued to restrain the sale of a root beer under the name of " Hires," and under labels and in a package described in the bill, where it appears that the defendant was a kinsman of the complainant, that he had the same name, and that he intended to sell a root beer under the name of " Hires," and in packages and under labels similar in general appearance to those of the complainant, and manifestly intended to deceive the public and mislead purchasers.

Argued May 26, 1897. Appeal, No. 205, Jan. T., 1897, by defendants, from decree of C. P. No. 3, Phila. Co., Dec. T., 1896, No. 992, on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Bill in equity to restrain an alleged infringement of plaintiff's trade-mark and to enjoin unfair competition in trade.

The facts appear by the opinion of GORDON, J., which was as follows :

Whether this case be considered as one of infringement of a trade-mark or as a simulation intended and likely to deceive the public, the evidence is most conclusively with the plaintiff. It is established that the article of commerce known as " Hires' Root Beer," by a long and costly method of advertisement, has attained a trade character and value peculiar to itself. The sales have reached an extraordinary yearly volume, and the article is known to consumers and merchants by the designation of " Hires' Root Beer," and often, and perhaps as commonly, by the name of " Hires " alone. The shape and color of the cartoons, as well as the general typography and substance of the printed matter thereon and the shape of the bottles, have also been peculiar to the article made by the plaintiff, and have served to give it commercial distinction and identity.

The respondent, Hires, a kinsman of the plaintiff, availing himself of the sameness of family name, is about to manufacture and place on the market for sale a root beer which in all the externals of physical preparation and presentation is so nearly an approach to the plaintiff's commodity that, but for the use of the Christian or surname of the respondent, Hires, it might be termed a complete reproduction of the plaintiff's preparation and device. The cartoon, its color, the substance of the printed matter, the bottle, the indicating designation or title—all—while slightly varying from the plaintiff's device, make up a trade commodity which, except to the sophisticated or closely inquisitive, would be taken to be a like article to the plaintiff's.

It is not necessary now to pass upon the question of how far a family name may be the subject of a trade-mark so as to exclude from its use others who lawfully bear it. The use of the family name in the present case only increases—most potently increases—the conjoined force and effect of respondents' other devices in working a deceptive simulation. All cases of this character must depend upon their own facts and circumstances. Actual fraudulent intent can never be inferred from anything outside of the case itself.

The testimony of the case now before us, we think, makes it indubitably clear that the respondents' purpose—their sole and only purpose—was to fabricate an article of trade which, in shape, color, designation or name and general appearance, should resemble the plaintiff's article and thereby deceive and mislead the public and purchasers generally. It is impossible to come to any other conclusion but that this was the main intent of the respondents. But for the fortuitous identity of family name, it is clear that the respondents would not have embarked in this proposed commercial venture, and the evidence shows that their studied purpose was to keep as close to the appearance and name of the plaintiff's article as possible and preserve similarity while yet presenting minor differences. We find, therefore, upon the evidence now presented, that the allegations of the plaintiff's bill are established, and that the temporary injunction prayed for should be awarded.

Therefore, let preliminary injunction be continued against George A. Hires, and issue against Joseph H. Ingersoll and Robert C. Ingersoll, and against them or any of them trading as George A. Hires & Co.

And now, April 27, 1897, this cause came on to be heard on the amended bill on a motion on behalf of the complainant to continue in force the preliminary injunction heretofore ordered in the cause, and for a preliminary injunction against the defendants, Joseph H. and Robert C. Ingersoll, and was argued by J. Willis Martin, Esq., and Francis Rawle, Esq., for complainant, and by William W. Porter, Esq., and Charles H. Downing, Esq., on behalf of the defendants, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed as follows:

1. That the preliminary injunction heretofore granted in the cause be continued until the further order of the court.

2. That the defendants and each of them and their respective agents, attorneys and employees be restrained and enjoined until the further order of the court , from making, selling or in any way disposing of, and from advertising or offering for sale, a liquid preparation or beverage under the name of root beer, put up in bottles, with labels, wrappers or cartoons, such as "plaintiff's exhibit, defendant's package," and in the manner heretofore intended to be employed by the said defendants, and from making, selling or in any way disposing of, and from advertising or offering for sale, a liquid preparation or beverage under the name of root beer, put up in bottles, with labels, wrappers or cartoons, in any way resembling or simulating or colorably imitating in color, style of labels, wrappers, or cartoons or otherwise, the style of wrappers, labels or cartoons, employed by the complainant as averred in the bill and as shown by "plaintiff's exhibit, plaintiff's package," and in the manner heretofore employed by the said complainant.

3. That the defendants, Joseph H. Ingersoll and Robert C. Ingersoll, and each of them, be restrained and enjoined until the further order of the court from selling or in any way disposing of, and from advertising or offering for sale, any liquid preparation or beverage under the name of root beer, put up in bottles, with any wrapper, label or cartoon, containing or having printed thereon or connected therewith the word "Hires," either alone or in combination with other words or characters, and from colluding with or acting in connection with the defendant, George A. Hires, in any way, directly or indirectly, financially or otherwise, in making, selling, or in any manner disposing of, and from advertising or offering for sale, such liquid prepara-

tion or beverage put up in bottles, with wrappers, labels, or cartoons, having thereon the word " Hires," either alone or connected with other words or characters.   Security in $2,500.

· *Error assigned* was decree of the court.

*Charles H. Downing* and *William W. Porter*, for appellants.

*J. Willis Martin* and *Francis Rawle*, for appellee.

PER CURIAM, July 15, 1897:

This appeal is from the interlocutory decree of April 27, 1897, continuing the preliminary injunction theretofore granted against George A. Hires, one of the defendants, and awarding a like injunction against the other defendants and each of them, etc., until the further order of court.

A careful consideration of the record, in connection with the specifications, etc., has not convinced us that there is any error in the decree of which the defendants, or either of them, have any just reason to complain.   We are all of opinion that the cause should be permitted to proceed in the court below to final hearing and decree, and, in view of that, discussion of the questions now presented is neither necessary nor desirable.

The appeal is dismissed at appellants' costs, but without prejudice, etc.