# Potter, Appellant, *v.* Osgood.

*Equity—Injunction—Trade name—Confusion and interference with business—Fictitious Names Act—Effect of failure to register —Laches.*

Equity has jurisdiction, and will enjoin the use of a trade name, where it appears that the plaintiff has used the name exclusively for ten years, and has built up a business of value in that name, the use of which by the defendant produces confusion in the public mind and unnecessary interference and loss to the plaintiff's business.

The plaintiff is not debarred from his right to equitable relief by failure, through ignorance or oversight, to register as required under the Fictitious Name Act of 1917 before the defendant.

Delay of a little less than two years in filing a bill for injunction is not sufficient to convict the plaintiff of laches, where the defendant had been warned of plaintiff's rights and has suffered no disadvantage through the delay.

Argued May 2, 1922. Appeal, No. 138, April T., 1922, by plaintiff, from decree of C. P. Allegheny County, April T., 1922, No. 582 dismissing bill for an injunction, in the case of Henry V. Potter, trading as Pittsburgh Distributing Company, v. Nathan Osgood, trading as Pittsburgh Distributing Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Bill in equity for an injunction. Before SHAFER, P. J.

The facts are stated in the opinion of the Superior Court.

The court below dismissed the bill. Plaintiff appealed.

*Errors assigned* were the conclusions of the law and the decree of the court.

*Charles M. Clarke,* for appellant.—The plaintiff had acquired a common law right to the use of his trade name before the Act of 1917 was passed. The purpose of

the act is to prevent fraud, and has nothing to do with controversies such as the present: Engle v. Capital Fire Ins. Co., 75 Pa. Superior Ct. 390.

The law protects priority of use of a trade name, not only against copying, but against any simulation likely to deceive: Celluloid Mfg. Co. v. Cellonite Mfg. Co., 32 Fed. 94; Selchow v. Baker, 93 N. Y. 59.

No appearance and no printed brief for appellee.

OPINION BY KELLER, J., July 13, 1922:

The plaintiff, since 1909, has been engaged in business in the City of Pittsburgh under the name of "Pittsburgh Distributing Company." His business is the receiving of merchandise in bulk or car load lots from various manufacturers and producers over the country and distributing it in smaller quantities to buyers and consignees. The learned Chancellor found as a fact that he had built up a business of some value in this line and was known to his customers solely or principally by his trade name as above.

In 1918 the defendant, who had been engaged in the wholesale liquor trade in Pittsburgh took up the business of broker and dealer in whiskey certificates and adopted the name of "Pittsburgh Distributing Company." He registered under that name, in accordance with the provisions of the Fictitious Name Act of June 28, 1917, P. L. 645, on December 11, 1918.

In February or March, 1919, the plaintiff learned that the defendant was carrying on business under the same trade name as himself, resulting in some confusion, and he, at once, called on defendant, told him of his exclusive use of said trade name for nearly ten years and notified him to desist from using it. The defendant said he would consult his attorney. He continued the use of the name and this suit to enjoin the same resulted.

The evidence in the case proves that trouble and confusion have resulted to the plaintiff from the use of his

trade name by the defendant and are likely to, in the future, from its continued use. This is especially the case with respect to correspondence and the mails. Bills of lading passing the possession and ownership of car loads of merchandise, varying in value from five thousand dollars to sixty thousand dollars apiece, are sent by mail addressed to Pittsburgh Distributing Company. The likelihood of delay in the delivery of these bills of lading, with a consequent delay in the delivery of the merchandise, as well as the possibility of their total diversion, constitutes a very real basis of threatened loss and injury, for which there is no adequate remedy at law, and furnishes a valid reason for equitable relief, if otherwise justified.

It was held in American Clay Mfg. Co. v. American Clay Mfg. Co., 198 Pa. 189, that it is not necessary, in order to justify judicial interference with the use of names, that there be an intent to get an unfair and fraudulent share of another's business; it is sufficient "where the effect of defendant's action, irrespective of his intent, is to produce confusion in the public mind and consequent loss to the complainant." Citing: North Cheshire & Manchester Brewery Co. v. Manchester Brewery Co., Law Reps. App. Cases, (1899) 83; Holmes et al. v. Holmes et al. Mfg. Co., 37 Conn. 278; Newby v. Oregon Central R. R. Co., 1 Deady 609; Higgins Co. v. Higgins Soap Co., 144 N. Y. 462, 39 N. E. 490. In the last cited case, the Court of Appeals of New York said (p. 491 Rep. Ed.) : "It is well settled that an exclusive right may be acquired in the name in which a business has been carried on, whether the name of a partnership or of an individual, and it will be protected against infringement by another who assumes it for the purpose of deception, or even when innocently used, without right, to the detriment of another." See also: Juan F. Portuondo Cigar Mfg. Co. v. Vicente Portuondo Cigar Mfg. Co., 222 Pa. 116, 134; Hires Co. v. Hires, 182 Pa. 346; Royal Baking Powder Co. v. Royal, 122 Fed. 337 (C. C. A.) ; First Presbyterian Church of Harrisburg, 2 Grant 240. Reg-

istration under the Act of 1917 will not confer the right to use a trade name if not otherwise entitled to do so: American Clay Mfg. Co. v. American Clay Mfg. Co., supra; North Cheshire & Manchester Brewery Co. v. Manchester Brewery Co., supra.

The evidence in the case is convincing that the action of this defendant has produced, and unless restrained will continue to produce, confusion in the public mind and unnecessary interference with plaintiff's business, with consequent loss to him.

We do not think the plaintiff is debarred from asserting his rights because he did not register under the Act of June 28, 1917, supra, until December 16, 1920. The purpose of that enactment is set forth in Engle v. Capital Fire Ins. Co., 75 Pa. Superior Ct. 390. "It was not intended to produce a confiscation of property" (p. 397). See also: Duroth Mfg. Co. v. Cauffiel, 243 Pa. 24. The failure of the plaintiff, through ignorance or oversight, to register as required by the Act of 1917, afforded no justification to the defendant to appropriate his property or interfere with his business. Nor do we think the plaintiff was guilty of such laches as to deny him relief in equity because he did not file his injunction bill until January 28, 1921. As soon as he learned of defendant's action he made immediate demand upon him to cease using his trade name. Whatever use of the name the defendant made thereafter he did it with full knowledge of plaintiff's prior right and took the risk of being enjoined: Hansell v. Downing, 17 Pa. Superior Ct. 235. The evidence fails to show that plaintiff had, in any way, acquiesced in defendant's use of his trade name or that his delay in bringing suit worked any disadvantage to the defendant: 10 R. C. L. 396; 21 C. J. 223; Youse v. McCarthy, 51 Pa. Superior Ct. 306.

The assignments of error are sustained, the decree of the court below is reversed, and it is ordered that a decree be entered enjoining the defendant from the further use of the name "Pittsburgh Distributing Company" in the conduct of his business. Costs to be paid by appellee.