# The North American Provision Co. *v.* Millar and Millar, Appellants.

*Equity — Injunctions—Trade names—Unlawful use of—Unfair competition.*

In an action to restrain the unlawful use of a trade name, equity has jurisdiction to grant relief, wherever the effect of the defendant's act is to produce confusion in the minds of those having, or having had business relations with the complainant. Under such circumstances, it is not necessary that the subject of the controversy be a trade-mark. The long-established use of a trade name invests the user thereof with a right, in which he will be protected against the unwarranted use thereof.

Where a plaintiff has built up and firmly established a business under the name of the defendants, and with their consent and coöperation, the latter cannot establish a competitive business of a' similar character under a like name.

· The penal statute of another state, which has no extraterritorial effect, cannot regulate methods of conducting business in Pennsylvania, not prohibited therein by the laws of that State.

Argued March 13, 1925. Appeal, No. 85, Oct. T., 1924, by defendants, from judgment of C. P. No. 4 of Phila. Co., Dec. T., 1923, No. 4574, in the case of The North American Provision Company v. Samuel B. Millar and J. Frederick Millar. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Bill in equity for injunction to restrain the use of a trade name. Before AUDENRIED, P. J: ,

The facts are stated in the opinion of the Superior Court.

The court entered the following decree:

And now, to wit, this 14th day of October, 1924, the exceptions to the findings of the trial judge filed on behalf of the defendants having been argued and dismissed, it is now ordered, adjudged and decreed that a writ of injunction issue restraining the defendants, Samuel B. Millar and J. Frederic Millar, from making use jointly or severally in connection with the business of selling meats and provisions at wholesale, of the name of W. A. Millar & Co. to signify or designate the proprietor of such business. And it is further ordered, adjudged and decreed that the said defendants shall pay the plaintiff the sum of one dollar for its damages and shall pay the costs of this cause. Defendant appealed.

*Error assigned* was the decree of the court.

*Frederick A. Sobernheimer,* for appellants.—A foreign corporation cannot perform any acts contrary to the terms of its charter and the laws of the state in which it is incorporated. It was contrary to the laws of Illinois for the plaintiff to engage in business otherwise than under its charter name: James W. Sykes v. People of Illinois, 132 Illinois 32; Svenska v. Swedish, etc., 205 Illinois App. St. rep. 428; Grant v. Henry Clay Coal Company, 80 Pa. 208; Merrimac Mining Co. v. Levy, 54 Pa. 227; Corpus Juris 14 A—Corporations, page 1234, section 3940; Dartmouth College v. Woodward, 4 Wheat. (U. S.) 519; Augusta Bank v. Earle, 13 Pet. (U. S.) 587; Seattle Gas & Electric Co. v. Citizens' Light and Power Company, 123 Fed. Rep. (U. S.) 588; Canada Southern Railway Co. v. Gebhard, 109 U. S. 527; Harris Woodbury Lumber Co. v. Coffin, 179 Fed. Rep. 257.

*W. W. Porter,* of *Porter, Foulkrod and McCullagh,* for appellee.

OPINION BY HENDERSON, J., March 4, 1925:

The evidence establishes the fact that the appellants have recently engaged in business under the same name used for about twenty-four years by the appellee and its predecessors. The location of the appellants is about two blocks from the place occupied by the appellee, both of the parties being engaged in the business of selling meat and other provisions at wholesale. The court has found that the action of the appellants is objectionable both because of the confusion and business disturbances which it tends to produce, and because of the unfair and fraudulent purpose of the defendants in making use of the name W. A. Millar & Co. The evidence shows that the appellee and its predecessor, during all the time it conducted business in its present location, used this as a trade name and the business was known to its customers and the public as W. A. Millar & Co. There is evidence supporting the finding of the court that the engaging by the defendants in the same business under a like name has produced confusion and business disturbance and is likely so to do, and this is apparent not only from the identity of name, but from the evidence showing that the appellants soon after engaging in business issued a circular announcing that they had severed their connection with the business at 427 N. Second Street, where the appellee was engaged in business, and had entered on the business of handling a full line of high grade provisions at 236 N. Front Street, and at about the same time notified the postmaster of Philadelphia that all mail addressed to W. A. Millar & Co. at 427 N. Second Street should be delivered to their new address. That such result is sufficient to entitle an injured party to equitable relief is clear even if the element of fraudulent intent were not present. Jurisdiction would exist where the effect of the defendants' action was to produce confusion in the minds of those having or having had business relations with the complainant; nor is it necessary that the subject of controversy be a trade-mark, techni-

cally speaking. The long established use of a trade name invests the user thereof with a right against the unwarranted use of which he will be protected. The appellants had been in business under the name of W. A. Millar & Co., but for about twenty-four years with their concurrence and participation the name had been used by the appellee and a corporation from which it acquired title. Whatever may have been the relation of the appellants to the name at the former time, it is clear that so far as their interest in the name was concerned, it was transferred to the predecessor of the complainant here, and for the period stated the merchandise sold under the trade name has been procured from a source entirely independent of the appellants who, by withdrawing from the provision business have given to the output of the business a new characteristic; to-wit, the quality and reputation which the goods of the plaintiff have in the market. Having built up and firmly established a business under this name, with the consent and coöperation of the appellants who were managers of the business for the appellee, it is now too late for the former to establish a competitive business of a similar character under a like name: Reference to American Clay Mfg. Co. v. American Clay Mfg. Co., 198 Pa. 189; Van Stans Stratena Co. v. Van Stans, 209 Pa. 564; Hires Co. v. Hires Co., 182 Pa. 346; Suburban Press Co. v. Suburban Pub. Co., 227 Pa. 152; Potter v. Osgood, 79 Pa. Superior Ct. 397, and the authorities therein cited shows clearly the courts have jurisdiction of the subject under consideration.

It is contended, however, that the complainant has failed to establish a title to the business described because Morris & Co., the vendor to the North American Provision Co., is described in the agreement of transfer as a corporation organized and existing under the laws of Pennsylvania, and having a principal place of business in the City of Chicago; whereas in an agreement made January 1, 1912, between Morris & Co. and S. B.

Millar, one of the defendants, the corporation named is described as a corporation organized under the laws of the state of New Jersey. There can be no doubt that the corporation with which S. B. Millar contracted is the corporation which carried on business under the name of W. A. Millar & Co., and the court has so found. Nor can there be reasonable doubt that the latter company disposed of its business to the appellee. The business has been carried on for the long period stated under the same name, and neither Morris & Co., nor the North American Provision Company, nor any witness called, has undertaken to say that any other corporation, individual or partnership is interested in the business. The plaintiff entered into possession at 427 N. Second Street and Morris & Co. withdrew. It is a warrantable conclusion in the absence of contradictory evidence that there is no other owner of the business; that a good title passed to the appellees and no attempt was made by the appellants to prove that the North American Provision Company was not the lawful successor of the Morris & Co., with which they dealt and in whose service they had been engaged for many years as manager and assistant manager. We think the court cannot be charged with error in holding that there was a mistake in the description of Morris & Co. in one or both of the contracts referred to.

Another proposition of the defendant is that the complainant is without standing in equity because it is a corporation created and existing under the laws of Illinois, in which state an act is in force approved March 10, 1869, which provides that "it shall not be lawful for any person or persons, or association, company or corporation doing business within this State, under or by authority of any public act or charter, to put forth any sign or advertisement containing any other name than that by which the said person or persons, association, company, or corporation are designated and are authorized to assume by the public act or charter under which

Opinion of the Court. [85 Pa. Superior Ct.

the same is organized and doing business, nor to add anything to such authorized name or lengthen the same." It will be observed that this is a penal statute relating not simply to corporations, but to individuals and associations, and that it applies in express terms to such persons or associations doing business within the State of Illinois. It has no extraterritorial effect and does not regulate methods of conducting business in another state not prohibited therein. The rights of stockholders are not here involved nor the regularity of the formation of the corporation, nor are we concerned with the title under which a corporation may sue in this State. No attempt is made to enlarge the corporate powers of the complainant. The use of a trade name only is involved, and that is merely descriptive of the merchandise in which the complainant deals so far as this controversy is concerned. The decision of the learned trial judge on this point is sufficiently supported by the authorities cited in his opinion. The forceful and able argument of the learned counsel for the appellant has not convinced us that the decree appealed from was erroneously entered.

It is therefore affirmed at the cost of the appellant.