## The Peerless Scientific Laundry Company, Inc., v. Goldsmith, etc.

*Joseph K. Coyle*, for plaintiff.
*Daniel Bernstine*, for defendant.

BROWN, JR., J., February 20, 1936.—This bill was filed by The Peerless Scientific Laundry Company, Inc., against Herbert C. Goldsmith, individually and trading as Peerless Scientific Laundry Company, for the purpose of restraining him from using the names Peerless Scientific Laundry and Peerless Scientific Laundry Company.

From the admissions in the pleadings, and the proofs, the facts are found to be as follows:

1. Plaintiff is a corporation of the State of New Jersey, and, since 1926, it has conducted a general laundry business, with its principal place of business in Pleasantville, N. J., under the name of The Peerless Scientific Laundry Company, Inc., which name it has used on its letterheads, stationery, sales slips, price slips, and in all its advertisements and dealings with the public.

2. On July 21, 1928, plaintiff and defendant entered into an agreement in writing whereby defendant became the agent of plaintiff to collect and deliver unlaundered and laundered goods in the territory of Philadelphia and its suburbs, for which he was to be paid by plaintiff 25 percent on all such work, for the period of two years, with the right of renewal for further periods of one year by the continuation of the agency unless at least three months' notice in writing was given by one party to the other, defendant agreeing to furnish and maintain de-

livery equipment on which should appear plaintiff's name and address with defendant's name and address as agent, and also to make settlement each week in full for amounts due plaintiff, credit extended by him to customers to be at his risk and personal responsibility.

3. Shortly thereafter, defendant entered into his employment as plaintiff's agent, receiving unlaundered goods from and returning them, after being laundered, to customers in Philadelphia and its suburbs, some of whom plaintiff itself obtained through service during the summer time at seashore resorts in New Jersey, and others of whom defendant solicited and obtained as plaintiff's agent.

4. On the trucks furnished and maintained by defendant appeared plaintiff's name and that of defendant as its agent.

5. The agreement was renewed for periods of one year by defendant, continuing the agency until August 6, 1932, when, as a result of defendant's failure to give plaintiff all the work he was collecting under its name, by written endorsement on the agreement of July 21, 1928, which defendant signed, it was again extended for one year and the provisions thereof renewed, except that his compensation as agent was increased to 35 percent on all business up to $250 a week and 40 percent on all over that amount, and he agreed to send all his work to plaintiff.

6. In February 1933, plaintiff gave defendant written notice, as provided for in the agreement, that the agreement would not be renewed, and defendant delivered no laundry to plaintiff after May 15, 1933, at which time he was indebted to it in the amount of $566.89 for moneys collected and received by him as its agent.

7. At or about the time the agreement of July 21, 1928, was executed, defendant was instructed by plaintiff to register its name in Pennsylvania with his name as its agent, but he failed to do so, and when plaintiff found this out, on September 21, 1932, it registered as a for-

eign corporation for the purpose of doing business in Pennsylvania, and has complied with all laws pertaining thereto.

8. In the meantime, on November 20, 1931, defendant had registered under the Fictitious Names Act of June 28, 1917, P. L. 645, and its amendments, as an individual "carrying on or conducting business under the assumed or fictitious name, style, or designation of Peerless Scientific Laundry".

9. On June 8, 1933, defendant, in writing, signed by him under seal, voluntarily and of his own free will and accord, in the presence of counsel who then represented him, acknowledged the amount of his indebtedness to plaintiff and agreed to repay it in monthly instalments, and agreed also to refrain from using the name Peerless Scientific Laundry Company and to cancel at once his registration thereof.

10. Defendant has not canceled his registration as an individual conducting business under the name of Peerless Scientific Laundry and has continued to make use of it and also of the name Peerless Scientific Laundry Company, in the carrying on of the laundry business in Philadelphia and its suburbs.

11. Upon the termination of defendant's agency, plaintiff endeavored to purchase from him his interest therein, his equipment and trucks, but he refused to sell.

12. After the termination of defendant's agency, plaintiff continued to conduct a general laundry business in Philadelphia and its suburbs, and is actively so engaged at the present time, with an office and telephone in Philadelphia.

13. Although the name "Peerless" in connection with a laundry business has been registered a number of times, the name Peerless Scientific Laundry has been registered only by the parties.

14. The use by defendant of the names Peerless Scientific Laundry and Peerless Scientific Laundry Company in the carrying on of the laundry business, on trucks,

on stationery, on laundry slips, and in the telephone directories has caused and produced confusion in the public mind.

15. Defendant's use of plaintiff's name in conducting the laundry business was calculated, and will tend, to deceive and mislead the public and injuriously affect plaintiff's business.

16. Defendant's use of the names Peerless Scientific Laundry and Peerless Scientific Laundry Company has been and is with the intent to obtain an unfair and fraudulent share of plaintiff's business.

### Discussion

"There are two classes of cases involving judicial interference with the use of names, first, where the intent is to get an unfair and fraudulent share of another's business, and second, where the effect of defendant's action, irrespective of his intent, is to produce confusion in the public mind and consequent loss to the complainant": American Clay Mfg. Co. v. American Clay Mfg. Co., 198 Pa. 189, 193, 194; Suburban Press v. Philadelphia Suburban Publishing Co., 227 Pa. 148, 152; John H. Gates, trading as John H. Gates Coal Co. v. Gates Coal Co., Inc., 114 Pa. Superior Ct. 157, 160, 161.

Although "it is not necessary, in order to justify judicial interference with the use of names, that there be an intent to get an unfair and fraudulent share of another's business": Potter v. Osgood, 79 Pa. Superior Ct. 397, 399; there is evidence in this case warranting the finding that that has been defendant's intention. However, there is no doubt that the effect of his use of the name Peerless Scientific Laundry Company, irrespective of his intent, is to produce confusion in the public mind.

Plaintiff has been engaged in the laundry business under its corporate name of The Peerless Scientific Laundry Company, Inc., in New Jersey since 1926, and in Pennsylvania since July 21, 1928, when it employed de-

fendant as its agent and assigned to him the territory of Philadelphia and its suburbs. It is his contention, however, that the business conducted in that territory belonged to him, not to plaintiff, and that plaintiff has engaged in business in this State only since September 21, 1932, the date of its registration as a foreign corporation, so that he has had a prior usage in Pennsylvania for four years of the name Peerless Scientific Laundry Company. But according to the agreement of July 21, 1928, under which he entered into the laundry business, and carried it on until May 1933, he was designated as plaintiff's agent in that territory "to collect and deliver unlaundered and laundered goods". He had nothing to do with the laundering thereof. He may have been "the owner of said agency", but whatever business he obtained was as plaintiff's agent. The trucks were furnished and maintained by him, but on them appeared plaintiff's name with his name as its agent, and customers dealt with him as such. He had to make settlement to plaintiff each week for money due it, and naturally any credit extended by him was at his risk, for plaintiff, in the conduct of its business, could not assume responsibility for credit extended by its various employes. That plaintiff had the option to purchase his "interest" in the event that he desired to give up the "agency" does not alter the fact that he was its agent in the territory assigned to him by it.

Defendant's right to use plaintiff's name was only as its agent, and when that relationship came to an end his right ceased to exist. He was not given the right to use it as his own, or in the conduct of his own business as in Harris v. Brown, 202 Pa. 16, cited by defendant. In that case defendant purchased an insolvent business of which plaintiff had been a part owner, and, by the expenditure of money and the application of proper business methods, made it a success, in which plaintiff had no part, and it was held that the license to use the name of the old firm given by plaintiff to defendant was irrevocable; but in the present case plaintiff did not grant to defendant any

license to use its name except as its agent in the carrying on of its business in Philadelphia and its suburbs. This was established under plaintiff's name with defendant as its agent, and, in effect, its manager in that territory, and having been built up, under its name, with his consent and coöperation, it is now too late for him to establish or to continue a competitive business of a similar character under a like name: The North American Provision Co. v. Millar et al., 85 Pa. Superior Ct. 265, 268.

Defendant's registration, on November 20, 1931, under the Fictitious Names Act of June 28, 1917, P. L. 645, and its amendments, as an individual conducting the business under the name of Peerless Scientific Laundry, did not confer upon him the right to use that name or the name of Peerless Scientific Laundry Company, as he was not otherwise entitled to do so: Potter v. Osgood, supra, 399, 400. Indeed, at the time he so registered, he was carrying on the business as the agent of plaintiff, and his registration thereof as his own was false in fact. Not only did it tend to confuse and deceive the public, but it was done with the intention of obtaining plaintiff's business as his own.

There is no evidence that defendant was in the laundry business before becoming plaintiff's agent, but as one of the requests for findings of fact submitted in his behalf states that he "was induced to enter the laundry business in Philadelphia at the request of" plaintiff, the latter, apparently, was responsible for his doing so. Indeed, his employment came about as the result of plaintiff's desire to have a representative in that territory to attend to customers obtained in New Jersey who came to Pennsylvania, and also to build up its business in Philadelphia and its suburbs. Indeed, defendant testified that plaintiff's name was used "for the simple reason that customers going from New Jersey to Pennsylvania, who lived in Philadelphia and Atlantic City, would become accustomed to the same name and think they were continuing dealing with the same laundry". It was thus due

to the use of plaintiff's name that customers were obtained by him, and for him to continue to use it under the circumstances would be, as it has been in fact, confusing to the public and unfair to plaintiff.

True, plaintiff did not register as a foreign corporation for the doing of business in Pennsylvania until September 21, 1932, but, although it was thereby subjected to certain penalties, it is not debarred from asserting its rights against defendant. It is not seeking to enforce any agreement made with the latter but to restrain him from making improper use of its name. Its failure to register, whether through oversight or ignorance, afforded him no justification to appropriate its property or interfere with its business: Potter v. Osgood, supra, p. 400; Duroth Mfg. Co. v. Cauffiel, 243 Pa. 24, 29.

The suggestion made in defendant's behalf that plaintiff's failure to register was due to a desire to avoid liability as a principal, is rebutted by the fact that plaintiff instructed him to register its name with his name as its agent in this State, which he failed to do, and by the fact that, when it found this out, it immediately registered in Pennsylvania as a foreign corporation and has complied with all laws pertaining thereto.

### Conclusions of law

1. Plaintiff has been engaged in the general laundry business in New Jersey since 1926, and in Pennsylvania since July 21, 1928.

2. Under the agreement executed by the parties on July 21, 1928, defendant became plaintiff's agent in Philadelphia and its suburbs, not the sole owner of the business, and continued as such until the termination of the agency in May 1933.

3. Plaintiff gave defendant no right or license to use its name as his own, or in the conduct of his own business, but only the right or license to use it as plaintiff's agent, in carrying on its business in Philadelphia and its suburbs.

4. The right or license to use plaintiff's name has not become irrevocable by the expenditure of money on the part of defendant, but ceased to exist when his agency was terminated.

5. Defendant's registration, on November 20, 1931, under the Fictitious Names Act of June 28, 1917, P. L. 645, and its amendments, as an individual conducting the business under the name of Peerless Scientific Laundry, did not confer upon him the right to use that name or the name of plaintiff.

6. Plaintiff, as a New Jersey corporation, has the exclusive right to its name in Pennsylvania, where it has registered for the doing of business as a foreign corporation and has complied with all laws pertaining thereto.

7. Plaintiff's failure to register as a foreign corporation for the purpose of doing business in Pennsylvania until September 21, 1932, does not debar it from asserting its rights against defendant, and affords the latter no justification to appropriate its name or interfere with its business.

8. Defendant's use of plaintiff's name has produced, and, unless restrained, will continue to produce, confusion in the public mind and unnecessary interference with plaintiff's business, with consequent loss to it.

9. Defendant's use of plaintiff's name was with the intent to deceive the public and to get an unfair and fraudulent share of plaintiff's business.

10. From the nature of the case plaintiff has no adequate remedy at law.

11. Defendant should be restrained and enjoined from using or making use of the names Peerless Scientific Laundry and Peerless Scientific Laundry Company in the carrying on of the laundry business in Pennsylvania.

12. Defendant should pay the costs of this proceeding.

### Decree nisi

And now, February 20, 1936, upon consideration of the foregoing case, it is ordered, adjudged and decreed

that Herbert C. Goldsmith, individually and trading as Peerless Scientific Laundry and Peerless Scientific Laundry Company, be, and he is hereby, enjoined and restrained from using or making use of the names Peerless Scientific Laundry and Peerless Scientific Laundry Company, in any way or manner whatsoever in connection with the conduct or carrying on of the laundry business in Pennsylvania, and it is further ordered, adjudged and decreed that the said Herbert C. Goldsmith shall forthwith secure the cancellation of the certificates issued to him under the provisions of the Fictitious Names Act of June 28, 1917, P. L. 645, and its amendments, and have notations made on the records of such certificates in the offices of the prothonotary of the courts of common pleas of Philadelphia County and of the Secretary of the Commonwealth of Pennsylvania that he is no longer conducting or carrying on the laundry business under the names of Peerless Scientific Laundry and Peerless Scientific Laundry Company.

Defendant shall pay the costs.

*Opinion sur exceptions to adjudication*

PER CURIAM, April 6, 1936.—The exceptions to the adjudication of the trial judge filed by defendant having been presented to the court en banc for determination, we are of the opinion that they should be dismissed.

Exceptions one to eight, inclusive, are to the findings of fact of the trial judge, and as there is ample evidence to support them we approve and adopt his findings as the findings of fact of the court.

Exceptions nine to fifteen, inclusive, are to the conclusions of law of the trial judge, and, for the reasons stated by him in his "Discussion", we approve and adopt his conclusions of law.

Exception 16 is to the failure of the trial judge to find the facts and the law in accordance with defendant's requests. These, however, were substantially disposed of

in the adjudication. As to defendant's request for findings of fact, paragraph (e) of his second request was, in effect, for a conclusion of law, as the agreement of July 21, 1928, did not state that defendant was the owner of the business, and, as the facts relating to the execution and terms of the agreement were included in the second finding of fact, this request, obviously, was refused by the trial judge. By reason of the fact found by the trial judge in his fifth finding of fact, and also by reason of the fact that the endorsement on the agreement extending it for one year from August 6, 1932, did not state that defendant was "the sole owner of the *business*", but merely that "the agent (defendant) is acknowledged to be the owner of said *agency*", defendant's fifth request was clearly refused. The facts set forth in defendant's sixth request were included in the second, third, fourth, fifth, eighth, ninth, and tenth findings of fact, and the facts stated in the eight request were included in the second and third findings of fact, and so, as amplified and qualified in the findings of fact, these requests were affirmed. By reason of the facts found in the second, third, fourth, fifth, and twelfth findings of fact, defendant's twelfth request was clearly refused.

Defendant's requests for conclusions of law pertain to matters determined by the trial judge, with whom we are in accord, and we deem it unnecessary to repeat or add to what was stated by him, except to point out that, as was said by the trial judge, "it (plaintiff) is not seeking to enforce any agreement made with the latter (defendant) but to restrain him from making improper use of its name", and also that defendant may engage in the laundry business, as he has been doing under the name of the Surety Prim Laundry, providing he does not use plaintiff's name or any part thereof.

Exceptions dismissed; final decree to be entered in the form of the decree nisi.