## Heller v. Miller et al.

*C. E. Berger*, for plaintiff.
*H. O. Bechtel*, for defendants.

HOUCK, P. J., July 25, 1938.—The essential facts may be summarized as follows: Leon H. Miller and Leander F. Zweibel are licensed optometrists doing business under the name of Miller & Miller, at 9 South Centre Street, Pottsville, Pa. Allen A. Heller is also a licensed optometrist and is employed by Miller & Miller, on a salary and commission basis, to conduct for them a branch office at 203 North Centre Street, Pottsville, Pa., under the name "Dr. A. A. Heller". Newspaper advertisements and signs on the building advertised the business at 203 North Centre Street as the business of Dr. A. A. Heller. Plaintiff, Dr. James B. Heller, a physician and surgeon, who is not an oculist, an optician, nor an optometrist, practices his profession in Pottsville. He has experienced some inconvenience and annoyance by personal and telephone calls from persons seeking treatment of the eyes or fitting of eye glasses. He has not suffered any pecuniary loss by reason of the fact that Dr. A. A. Heller practices optometry and widely advertises the fact. The broad question involved in the case is whether, under these facts, plaintiff is entitled to a decree restraining defendants

from using the name Dr. A. A. Heller and commanding them to remove the signs reading "Dr. A. A. Heller, Optometrist" from the building at 203 North Centre Street.

While optometry is a profession, nevertheless, under the Act of March 30, 1917, P. L. 21, as amended by the Act of May 13, 1925, P. L. 659, both in effect when the bill was filed, licensed optometrists were permitted to establish branch offices, provided each branch office was in charge of a regularly licensed optometrist. It seems that one who has established a branch office pursuant to these acts has acquired a property right in his business which may not be destroyed: Shor v. Dickey et al., 21 D. & C. 695; although it is not now necessary to decide this question. The fact is that Miller and Zweibel lawfully established a branch office, and the question arises whether plaintiff has any standing to complain because the branch office is conducted under the name of Dr. A. A. Heller, the licensed optometrist in charge, and not under the name Miller & Zweibel or Miller & Miller.

Plaintiff's contention is that Dr. A. A. Heller could not transfer the right to use his own name to Leon H. Miller and Leander F. Zweibel, and, on this ground, seeks to distinguish the cases which hold that one may not be restrained from the use of one's own name. It is settled that a person may transfer to another the right to use his name: Juan F. Portuondo Cigar Mfg. Co. v. Vincente Portuondo Cigar Mfg. Co., 222 Pa. 116, and Seligman v. Fenton, 286 Pa. 372; with the exception that the name of an artist, an author, a lawyer, or other professional man is not a trade name and is not, as such, salable: Blakely v. Sousa (No. 1), 197 Pa. 305, 332. The reason for the exception is that to permit the use of the name of such person as a trade name, when the person has no connection with the enterprise, would be a fraud upon the public. The reason for the exception does not obtain in the case before us inasmuch as the person in whose name the business is registered is actually the person who con-

ducts the practice and performs the services sought by his patients. The cases relied on by plaintiff are cases in which the name used was used in a similar competitive business. Of course, in cases of this character, equity will restrain the use where the result of it is to deceive the public to plaintiff's consequent loss: Charles E. Hires Co. v. Hires et al., 182 Pa. 346; American Clay Mfg. Co., etc., v. American Clay Mfg. Co., etc., 198 Pa. 189; Van Stan's Stratena Co., Ltd., v. Van Stan, 209 Pa. 564. These cases having to do with trade names and involving unfair competition are not applicable here.

What plaintiff seeks, among other things, is to restrain A. A. Heller from using his own name.

"There are two classes of cases involving judicial interference with the use of names, first, where the intent is to get an unfair and fraudulent share of another's business, and second, where the effect of defendant's action, irrespective of his intent, is to produce confusion in the public mind *and consequent loss to the complainant":* American Clay Mfg. Co., etc., v. American Clay Mfg. Co., etc., supra, p. 193. (Italics supplied.)

This rule is subject to the modification that every man has an absolute right to use his own name in his own business even though he may thereby interfere with or injure the business of another person bearing the same name, provided he does not resort to any artifice or to anything calculated to mislead; where the only confusion created is that which results from the similarity of names, the courts will not interfere. The loss or inconvenience resulting from an honest use of a person's name in his business or profession by reason of its interference with the business or profession of another having the same name is regarded as damnum absque injuria: Gates, etc., v. Gates Coal Co., Inc., 114 Pa. Superior Ct. 157. A fortiori, if a person may not be restrained from the use of his own name in a rival competitive business, he may not be restrained from its use in an entirely different business or profession.

Under the rule stated above, equity will interfere where there is a fraudulent intent, of which there is no evidence in this case, and where defendant's action, irrespective of his intent, produces confusion in the public mind and consequent loss to plaintiff. Plaintiff here has not shown any loss and, since he and A. A. Heller are engaged in entirely different professions and are not rivals or competitors, loss may not be inferred. In short, as far as the proof goes, the only confusion results from the similarity in names, and plaintiff is subjected to more or less annoyance because some persons mistakenly believe that he is the Dr. Heller who practices optometry. This, as already demonstrated, is not sufficient to warrant equitable interference.

Plaintiff contends that Neill et al. v. Gimbel Brothers, Inc., 330 Pa. 213, requires a decree in his favor. The case does not decide the questions presented here and there is no similarity in the facts. In the Neill case, defendant, a New York corporation, and not a licensed optometrist, practiced optometry through employes or agents who were licensed optometrists. It was decided that the corporation could not practice optometry either directly or indirectly. The distinguishing feature is that Miller and Zweibel are registered optometrists authorized by law to conduct a branch office.

We conclude that plaintiff has failed to establish any right to equitable interference, that the facts do not warrant it, and that the bill must be dismissed.

### Decree nisi

And now, July 25, 1938, upon consideration of the foregoing case by the chancellor, it is ordered, adjudged, and decreed nisi as follows:

1. That the bill be dismissed.
2. That plaintiff pay the costs.
3. The prothonotary shall give notice of the entry of this decree nisi to the parties, and, if no exceptions are filed by either party within 10 days, he shall then enter this decree as the final decree.