# Suburban Press *v.* Philadelphia Suburban Publishing Company, Appellant.

*Trade-mark — Trade name — Publication — Unfair competition in business—Equity—Injunction.*

1. There are two classes of cases involving judicial interference with the use of names: first, where the intent is to get an unfair and fraudulent share of another's business, and, second, where the effect of defendant's action, irrespective of his intent, is to produce confusion in the public mind and consequent loss to the plaintiff.

2. The publisher of a magazine named "Suburban Life" is entitled to an injunction to restrain another publisher from using the title "Philadelphia Suburban Life" for another magazine, where it appears that in addition to the similarity of names the magazine known as "Philadelphia Suburban Life" bore a striking resemblance to the other in size, style, character of paper, illustrations, printed matter, and in general scheme of title-page, and that it was started later than the other, and circulated in practically the same territory.

Argued Jan. 7, 1910. Appeal, No. 367, Jan. T., 1909, by defendant, from decree of C. P. No. 1, Phila. Co., Sept. T., 1909, No. 2,510, awarding injunction in case of Suburban Press v. Philadelphia Suburban Publishing Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction. Before MAGILL, J.
The opinion of the Supreme Court states the case.

*Error assigned* was decree awarding preliminary injunction.

*William H. Peace,* for appellant.—Plaintiff says, and the publication itself demonstrates, they do not indicate anything except the nature of the contents or subject-matter, hence are truly and purely descriptive.

If plaintiff's contention is right, no one may write or publish a book on suburban life, and by its title truthfully describe its contents.

It has been held that the title to a book cannot be copyrighted independently of its contents. The simple title of a book or magazine or other periodical is not subject to be copyrighted. It must be protected as a trade name: Jollie v. Jaques, 1 Blatchford's Cir. Ct. 618; Osgood v. Allen, 1 Holmes, 185; Canal Co. v. Clark, 80 U. S. 311; Lawrence Mfg. Co. v. Tennessee Mfg. Co., 138 U. S. 537 (11 Sup. Ct. Repr. 396); Glendon Iron Co. v. Uhler, 75 Pa. 467; Laughman's App., 128 Pa. 1; California Fig Syrup Co. v. Stearns, 67 Fed. Repr. 1008; Hoyt v. Lovett Co., 71 Fed. Repr. 173; Proctor & Gamble Co. v. Globe Refining Co., 92 Fed. Repr. 357; Kolb v.

Stewart Bread Co., 198 Pa. 390; Selchow v. Baker, 93 N. Y. 59.

The following words have been held to be descriptive and therefore incapable of adoption as a trade-mark or trade name: "Cough Remedy" as applied to cough remedy: Gilman v. Hunnewell, 122 Mass. 139. "Standard Computing Scales" as applied to scales: Scale Co. v. Scale Co., 118 Fed. Repr. 965. "Elastic Seam" as applied to men's drawers: Newcomer v. Scriven Co., 168 Fed. Repr. 621. "High Standard" as applied to paint: Lowe Bros. Co. v. Varnish Co., 168 Fed. Repr. 627. "Antiquarian" as applied to a book store: Choynski v. Cohen, 39 Cal. 501. "Pictorial or Illustrated" as applied to books: Spottiswoode v. Clarke, 2 Phillips' Ch. Reps. 154. "Liquid Glue" as applied to glue: Cement Co. v. LePage, 147 Mass. 206 (17 N. E. Repr. 304). "The Mammoth Wardrobe" as applied to wardrobes: Gray v. Koch, 2 Michigan, N. P. 119.

Appellant claims it has used the words "Philadelphia Suburban Life" with equal truth on its magazine as indicative of its subject-matter, as plaintiff claims to have done, and that appellant has an equal right to use the words thus truthfully, for the same purpose plaintiff has: Snowden v. Noah, 1 Hopkins' Chancery Reps. 396; American Grocer Pub. Assn. v. Grocer Pub. Co., 51 How. 402.

The following are cases relating to publications held not to be infringements: Spottiswoode v. Clarke, 2 Phillips' Ch. Reps. 154; Johnson Co. v. Electric Age Pub. Co., 14 N. Y. Supp. 803; Walter v. Emmott, 54 L. J. Ch. 1059.

*Sharp, Alleman & Moise,* for appellee.—This being an appeal from a preliminary injunction, a heavy burden rests upon the appellant to establish that the decree appealed from is clearly erroneous and that the continuance of the injunction will work great injustice: Snyder v. Brown, 197 Pa. 450; New Castle v. Central D. & P. Telegraph Co., 202 Pa. 425; Truby's App., 96 Pa. 52.

To contend that "Suburban Life" is a phrase in general use to designate a magazine or periodical is, of course, ab-

surd. It is equally absurd to contend that "Suburban Life," used as the name of a magazine, is any less entitled to the protection of equity than "Comfort," "American Grocer," "Social Register," "Chatterbox," or the other names passed upon in the decisions set forth below.

The authorities as to geographical names, cited by appellant, have of course no more application to the case than the authorities as to "cough remedy," "liquid glue," etc., or those as to copyrights.

The principles governing cases like the present one have been announced by the Pennsylvania courts and other jurisdictions as follows: Portuondo Cigar Mfg. Co. v. Cigar Mfg. Co., 222 Pa. 116; American Clay Mfg. Co. v. American Clay Mfg. Co., 198 Pa. 189; Pratt's App., 117 Pa. 401; Dixon Crucible Co. v. Guggenheim, 2 Brewster, 321; Metzler v. Wood, L. R. 8 Ch. Div. 606; Clement v. Maddick, 5 Jur. (N. S.) 592; Mack v. Petter, L. R. 14 Eq. 431; Hogg v. Kirby, 8 Vesey Jr. 215; Gannert v. Rupert, 127 Fed. Repr. 962; Social Reg. Assn. v. Howard, 60 Fed. Repr. 270; Estes v. Leslie, 27 Fed. Repr. 22.

OPINION BY MR. JUSTICE MOSCHZISKER, February 14, 1910:

The appellant, a New Jersey corporation duly registered in Pennsylvania, with a place of business in Philadelphia, was restrained from using the words "Philadelphia Suburban Life" as the title of a monthly magazine published by it. The appellee, a New York corporation duly registered in Pennsylvania, with its principal place of business in the city of New York, is the publisher of a monthly magazine started in 1904, named "Suburban Life." This periodical has a circulation of about 40,000 copies a month, of which nearly 4,000 copies are sold in Pennsylvania, and approximately one-half of that number distributed in Philadelphia and vicinity. The appellant was incorporated in 1909, and the first number of its magazine was issued in the month of September of that year. The trial judge finds that the magazine published by the appellant bears a striking resemblance to that published by the appellee in size, style, character of

paper, illustrations and printed matter, and in the general scheme of the title-page, and that the great similarity of names, general appearance and subject-matter of the two magazines is by design and not by accident. The learned judge further finds: "It is therefore perfectly·apparent that one object of the defendant was to imitate as nearly as possible the magazine or periodical published by the plaintiff, in general appearance and subject-matter of contents, as well as in name, and to thereby gain an unfair advantage over the plaintiff in its trade, and to reap the benefit of its years of labor, the skill and the money employed by the plaintiff and its predecessor in introducing its magazine and building up its business. It is also made clear by the evidence that the great similarity of the two periodicals, particularly in name, will tend to deceive, confuse and mislead the reading and advertising public."

The trial judge saw and heard the witnesses and inspected the documentary evidence, and his findings will not be disturbed except for manifest error. After an examination of the evidence we cannot say that such is the case with respect to any of the findings. "There are two classes of cases involving judicial interference with the use of names: first, where the intent is to get an unfair and fraudulent share of another's business; and, second, where the effect of defendant's action, irrespective of his intent, is to produce confusion in the public mind and consequent loss to the plaintiff:" American Clay Manufacturing Company v. American Clay Manufacturing Company, 198 Pa. 189. The present case falls within both of these classes.

The decree is affirmed and the appeal is dismissed at the cost of the appellant