# Pennsylvania Central Brewing Company v. Anthracite Beer Company, Appellant.

*Unfair trade competition—Fraudulent intent—Beer kegs—Markings—Equity—Injunction.*

1. Any conduct, the natural and probable effect of which is to deceive the public, so as to pass off the goods or business of one person as and for that of another, constitutes actionable unfair trade competition. If the effect be to injure the plaintiff, the fact that defendant had no fraudulent intent is no defense.

2. A dealer coming into a field already occupied by a rival of established reputation must do nothing which will unnecessarily create or increase confusion between his goods or business and the goods or business of his rivals.

3. Irrespective of the question of trade-mark, a manufacturer has no right to enclose his product in packages so like those of a rival manufacturer as to deceive a purchaser, or to enable a dealer to do so.

4. In a suit in equity brought by a brewing company to enjoin a rival company from injuring plaintiff's business by unfair trade competition, it appeared that for forty years plaintiff had distinctively marked its beer containers by a red band painted around each container between the first and second hoops at one end, and a blue band similarly painted at the other. The chimes and a ring adjoining on each end were also painted in colors like the bands. Plaintiff for many years had done a large business in the county where the suit was brought, and its beer was regarded as of a superior quality, and was largely known among dealers and customers by the distinctive painting of its kegs and barrels. Defendant had been engaged in the manufacture and sale of beer in a small way for fifteen years; its barrels and kegs had been previously marked by yellow bands, but shortly before the suit was brought it had repainted its containers in all respects practically

like the containers of plaintiff, so that the casual observer would mistake the one for the other. It appeared that in many instances plaintiff was caused inconvenience and delay in collecting its kegs, and that plaintiff's customers who could not read English were unable to distinguish plaintiff's containers from defendant's containers. Defendant disclaimed any fraudulent intent in repainting its barrels like plaintiff's, and alleged that the barrels were so painted because customers objected to yellow and because defendant had a quantity of red paint in stock, and further contended that their colors were of a different shade from plaintiff's. *Held,* there was no error in awarding an injunction as prayed for.

Argued Feb. 20, 1917. Appeal, No. 3, Jan. T., 1917, by defendant, from decree of C. P. Lackawanna Co., Oct. T., 1916, No. 20, in equity, awarding an injunction, in case of Pennsylvania Central Brewing Company v. Anthracite Beer Company. Before BROWN, C. J., POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Bill in equity for an injunction to restrain unfair trade competition. Before NEWCOMB, J.

The opinion of the Supreme Court states the facts.

The court on final hearing awarded the injunction. Defendant appealed.

*Errors assigned* were in dismissing exceptions to various findings of fact and law and the decree of the court.

*R. W. Archbald,* with him *John B. Jordan* and *David J. Reedy,* for appellant.—There can be no trade-mark in the colored stripes on plaintiff's beer kegs: Lafean v. Weeks, 177 Pa. 412; E. Regensburg & Sons v. Juan F. Portuondo Cigar Mfg. Co., 142 Fed. Repr. 160; Putnam Nail Co. v. Dulaney, 140 Pa. 205; Fleischman et al. v. Starkey, 25 Fed. Repr. 127; Diamond Match Co. v. Saginaw Match Co., 142 Fed. Repr. 727; Newcomer & Lewis v. Scriven Co., 168 Fed. Repr. 621.

To make out a common law trade-mark by user, the use must have been exclusive, and that is far from the case here.

The charge of unfair trade competition is equally untenable: Heide v. Wallace & Co., 135 Fed. Repr. 346.

The markings claimed to be distinctive have not been so used as to have come to stand for plaintiff's goods: Colgan et al. v. Danheiser et al., 35 Fed. Repr. 150; Allen B. Wrisley Co. v. Iowa Soap Co. et al., 122 Fed. Repr. 796.

*M. J. Martin,* and *H. A. Knapp,* of *Warren, Knapp, O'Malley & Hill,* for appellee.—The plaintiff had a common law trade-mark right in the device and manner in which it marked its kegs: Amoskeag Manufacturing Co. v. Trainer, 101 U. S. 53; Laughman's App., 128 Pa. 1; Juan F. Portuondo Cigar Mfg. Co. v. Vicente Portuondo Cigar Mfg. Co., 222 Pa. 116; Heilman Brewing Co. v. Independent Brewing Co., 191 Fed. Repr. 489.

The plaintiff was entitled to an injunction on the ground of unfair trade competition and the decree of the court below ought to be affirmed on that ground alone: Juan F. Portuondo Cigar Mfg. Co. v. Vicente Portuondo Cigar Mfg. Co., 222 Pa. 116; Hohenstein v. Perelstine, 37 Pa. Superior Ct. 540; Bobrow v. Manekin, 59 Pa. Superior Ct. 334; Hires Co. v. Hires, 182 Pa. 346; Anheuser-Busch Brewing Assn. v. Clarke, 26 Fed. Repr. 410; Sawyer Crystal Blue Co. v. Hubbard, 32 Fed. Repr. 388; J. A. Scriven Co. v. Morris et al., 154 Fed. Repr. 914; Baglin et al. v. Cusenier Co., 164 Fed. Repr. 25; Rice-Stix Dry Goods Co. v. J. A. Scriven Co., 165 Fed. Repr. 639; Lowe Bros. Co. v. Toledo Varnish Co., 168 Fed. Repr. 627; Bates Mfg. Co. v. Bates Numbering Mach. Co., 172 Fed. Repr. 892; Holeproof Hosiery Co. v. Wallach Bros., 167 Fed. Repr. 373; R. J. Reynolds Tobacco Co. v. Allen Bros. Tobacco Co., 151 Fed. Repr. 819; Amoskeag Mfg. Co. v. Trainer, 101 U. S. 51, 25 L. Ed. 993; Southern White Lead Co. v. Cary et al., 25 Fed. Repr. 125; Von Mumm et al. v. Frash et al., 56 Fed. Repr. 830.

OPINION BY MR. JUSTICE WALLING, May 7, 1917:

The bill was filed to restrain alleged unfair trade competition. The E. Robinson's Sons Brewery, for the manufacture of lager beer, was established at Scranton in 1870 and has continued in the business to this time. In 1897 it became and since has been a branch of the plaintiff corporation. Its product has always been sold in containers, to wit: barrels and kegs, of the customary sizes, which for over forty years have been distinctively marked by a red band painted around each container between the first and second hoops at one end and a blue band similarly painted at the other. The chimes and a ring adjoining on each end were also painted in colors like the bands. For many years the Robinson brewery has done and is doing an increasing business in Lackawanna County, where its beer is regarded as of a superior quality and is largely known among dealers and consumers by the markings on the barrels and kegs as above mentioned. There are many other breweries in the county, each of which has its containers marked by bands, rings, etc., painted thereon, but as a rule not so as to conflict with the markings used by any other brewery. In all cases the name of the owner is branded on the heads of the barrels and kegs.

The Anthracite Beer Company, defendant, is also located in the same county where it has been engaged in the manufacture and sale of beer in a comparatively small way for over fifteen years. Prior to the summer of 1916 its containers were marked by painted bands, etc., in which yellow was a prominent color; but then its barrels and kegs were repainted, in color, form and manner, in all respects practically like those of the plaintiff, so that the casual observer would mistake the one for the other. As both parties were doing business in the same locality, and, in many instances, with the same retail dealers, it at once resulted in confusion from which plaintiff suffered inconvenience and damage. While the beer of each was largely sold on credit, it was sometimes

sold for cash, when the similarity of markings would naturally cause plaintiff damage because of its larger business and the greater reputation of its product. It caused inconvenience to retail dealers, who handled both, because of the liability to tap the wrong keg in the dimly lighted cellars. It caused trouble and delay to plaintiff in the collection of its empty kegs in such cellars and elsewhere. It caused dissatisfaction to consumers, especially those unable to read English and who recognized plaintiff's product by the markings on the kegs. Prior to the defendant's change of markings in 1916, no beer kegs in that county had been marked like plaintiff's except the Bartels Company, doing an inconsiderable business, had used the red and blue bands but without the end markings. Defendant's officers, while persisting in such imitation and insisting on the right to continue the same, disclaimed any fraudulent intent and gave as reasons for adopting colors, etc., similar to those of plaintiff, that they had the red paint in stock, that blue was a more staple color than yellow, and that there was some sentimental prejudice among certain customers against the last named color; also that their red and blue were of a shade different from plaintiff's. The reasons, however, are not convincing. The court below found the facts in favor of plaintiff and enjoined defendant from such imitation, from which we have this appeal.

In our opinion the principle here involved is one of unfair trade competition. As the result of forty years' business plaintiff's product was so well known and highly regarded as to be in general demand and recognized in part by the distinctively marked containers. In the minds of many customers the peculiarly marked kegs of red and blue naturally suggested the Robinson beer, and the use of kegs so marked by defendant, whose product was comparatively unknown, naturally worked to its advantage and to plaintiff's loss. It is not a case of a trade-mark, technically so-called, but of unfair competition in which defendant by imitating plaintiff's con-

tainers secures to some extent the benefit of the high standing of plaintiff's product. The similarity of the containers is such as to naturally cause some customers to buy the Anthracite beer under the belief that they were getting the Robinson beer; and also to enable retailers, who handle both, to substitute the one for the other. True, the evidence shows that as a general rule the kegs are kept in the retailer's cellar where they are not seen by the customer at the time of his purchase, nevertheless it affords some opportunity for deception. The imitation here would seem to be likely to deceive the ordinary customer and if so it should be enjoined: Heinz v. Lutz, 146 Pa. 592; Juan F. Portuondo Cigar Manufacturing Co. v. Vicente Portuondo Cigar Manufacturing Co., 222 Pa. 116. It need not be a literal copy. "The test is whether the label or mark is calculated to deceive the public and lead them to suppose they are purchasing an article manufactured by a person other than the one offering it for sale": Scranton Stove Works v. Clark et al., 255 Pa. 23. See also Pratt's App., 117 Pa. 401. "And it may be stated broadly that any conduct, the natural and probable tendency and effect of which is to deceive the public so as to pass off the goods or business of one person as and for that of another, constitutes actionable unfair competition": 38 Cyc. 756. If the effect be to injure plaintiff, the fact that defendant had no fraudulent intent is no defense: Suburban Press v. Philadelphia Suburban Publishing Co., 227 Pa. 148; Amer. Clay Mfg. Co. v. Amer. Clay Mfg. Co. of N. J., 198 Pa. 189; E. T. Fraim Lock Co. v. Shimer, 43 Pa. Superior Ct. 221. "A dealer coming into a field already occupied by a rival of established reputation must do nothing which will unnecessarily create or increase confusion between his goods or business and the goods or business of his rival": 38 Cyc. 794. Irrespective of the question of trade-mark, a manufacturer has no right to enclose his product in packages so like those of a rival manufacturer as to deceive a purchaser, or to en-

able a dealer to do so. See Holeproof Hosiery Co. v. Wallace H. Brothers, 167 Fed. Repr. 373; New England Awl & Needle Co. v. Marlborough Awl & Needle Co., 168 Mass. 154; Coats v. Merrick Thread Co., 149 U. S. 562; Anheuser-Busch Brewing A'ssn. v. Clarke, 26 Fed. Repr. 410. In view of the authorities above referred to, and many more of like import, we are clearly satisfied that this case was rightly decided by the court below. It was not necessary for defendant to imitate plaintiff's containers; and the fact that the Bartles Company, which did a nominal business in the territory, had red and blue bands on its kegs, was no justification for defendant. The painting on plaintiff's containers, when considered in its entirety, constituted such a distinctive marking as defendant had no right to imitate.

The assignments of error are overruled and the decree is affirmed at the cost of appellant.