## Lottman v. Smith.

*Injunction—Contract as to trade name.*

Plaintiff and defendant had been partners under the trade name of the "Paris Corset Shop." Upon dissolution of the partnership, the defendant agreed that the plaintiff should have "the exclusive right" to the trade name. Thereafter the defendant opened a shop within a few doors of the plaintiff's shop and made public announcement of herself as "formerly of the Paris Corset Shop:" *Held*, that such language merely identified the defendant by reference to her former connection, and was not a breach of the agreement as to the trade name. Preliminary injunction dissolved, with the suggestion that the defendant discontinue the exterior use of such language until final decree.

Motion to continue preliminary injunction. C. P. Luzerne Co., May T., 1921, No. 6, in Equity.

*B. R. Jones* and *D. Rosenthal*, for plaintiff.

*Andrew Hourigan*, for defendant.

FULLER, P. J., April 23, 1921.—The injunction was granted to restrain the defendant "from doing business or advertising or using the name of the 'Paris Corset Shop' by way of signs, placards, advertisements in newspapers or in any manner or form whatsoever" in violation of written agreement with plaintiff.

From the evidence we find the following

*Facts.*

1. The parties for some years prior to Jan. 28, 1921, had been partners, carrying on the business of female underwear and cognate articles under the

trade name of the "Paris Corset Shop," at No. 47 South Main Street, Wilkes-Barre.

2. On that date they dissolved partnership by written agreement, in which defendant sold all her interest therein, including good-will, for a valuable consideration to plaintiff, and agreed that the latter "shall have the exclusive right to the name of the 'Paris Corset Shop' in the County of Luzerne."

3. Subsequently defendant rented and entered a building near by, No. 53 South Main Street, for the purpose of conducting similar business, and displayed thereon certain conspicuous placards containing the announcement, "On or about April 25th this place will be opened by Fay Smith, formerly of the Paris Corset Shop, with a complete line of corsets, brassieres, hosiery, negligees, kimonas," etc., and if not enjoined will maintain the placards and open the place as announced.

4. The plaintiff does not complain of the proposal to open the place and conduct the business in such close proximity, but merely complains of the language in the announcement, "formerly of the Paris Corset Shop," as an invasion of his exclusive right to the name.

5. That language, however, merely identifies the defendant by reference to her former connection with the Paris Corset Shop, and does not amount to such use of the name in her business as the parties intended. It is neither designed to defraud the plaintiff nor to deceive the public. Adopting the language employed in the case of Suburban Press *v.* Publishing Co., 227 Pa. 148, "there was no intent on her part to get an unfair and fraudulent share of the plaintiff's business, nor was the effect of her action, irrespective of intent, to produce confusion in the public mind and consequent loss to the plaintiff." The plaintiff still maintains at the old place, close by, the old sign "Paris Corset Shop," which of itself sufficiently apprises the public of the true situation, and prevents confusion in the public mind.

From the foregoing facts we find the following

### Law.

1. Agreements of this character should be strictly construed. This agreement prevents defendant from announcing her place of business as the "Paris Corset Shop," either explicitly or by deceptive ambiguity, but it does not prevent her from identifying herself by reference to her former connection with that highly respectable institution. The language, indeed, instead of inflicting an injury upon plaintiff, really confers an exalted compliment upon his place of business. In 38 Cyc., 848, it is pertinently said with copious citations, which we have not time to analyze, that "one may truthfully represent himself as being late or formerly of or with a named concern, provided there is no artifice or device connected with the announcement so as to cause deception." Plaintiff relies strongly upon Hall's Appeal, 60 Pa. 458, but the facts of that case involved a flagrant invasion of the good-will which defendant had sold to the complainant, and the decision was based upon that ground; while in the case at bar the plaintiff does not stand upon such an invasion, but only upon the alleged unlawful use of the trade name, which, in our opinion, has not been established.

2. The announcement restrained by this injunction does not involve a violation of the agreement; and, therefore,

3. The preliminary injunction should be and hereby is dissolved, with the suggestion, however, that, after the opening of the defendant's place, she discontinue, and she expressed her willingness to do so, the exterior use of the language until final decree.      From F. P. Slattery, Wilkes-Barre, Pa.