# Hub Clothing Co. v. Cohen et al., Appellants.

*Trade-marks—Trade name—Equity—Geographical bounds—Act of June 20, 1901, P. L. 582.*

1. The property in a trade-mark is not limited by fixed territorial bounds, but frequently extends over a large area, depending upon the extent and character of the business, and through sources tending to attract customers from a large area.

2. The trade name "The Hub" with a design of a hub between the two words, in use for many years by plaintiffs, will be protected from infringement in a city nine miles distant from that in which plaintiffs do business, where it appears that plaintiffs' customers extended to the surrounding country and towns, and included the city in question from which plaintiffs derived between one-fifth and one-sixth of its gross business.

3. In such case, the fact that one small dealer was using the design, and that a number of others had used it, but given it up, will not defeat plaintiffs' right to protect their trade-mark.

4. The fact that plaintiffs failed to register their trade-mark, and that defendants had taken out a, certificate of registration under the Act of June 20, 1901, P. L. 582, does not prevent plaintiffs from enforcing their rights by proper legal proceedings.

Argued April 12, 1921. Appeal, No. 421, Jan. T., 1921, by defendants, from decree of C. P. Luzerne Co., Oct. T., 1920, No. 5, on bill in equity, in case of Hub Clothing Co. of Wilkes-Barre v. Samuel Cohen and Maurice Cohen, a copartnership doing business as Cohen Brothers. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Bill in equity for injunction to enjoin use of trademark. Before WOODWARD, J.

The opinion of the Supreme Court states the facts.

The court entered a decree in accordance with the prayers of the bill. See 21 Luzerne Legal Record 151. Defendants appealed.

*Error assigned,* among others, was decree, quoting it.

*W. A. Valentine,* with him *W. H. Gillespie* and *Leo J. Schwartzkopf,* for appellant.—The words "The Hub" with the emblem of a hub are not capable of exclusive adoption as a trade name by the plaintiff: Barnett v. Kent, 8 W. N. C. 355; Heinz v. Lutz, 146 Pa. 592; Brown v. Seidel, 153 Pa. 60; Putnam Nail Co. v. Dulaney, 140 Pa. 205; Lafean v. Weeks, 177 Pa. 412; Hoyt v. Hoyt, 143 Pa. 623.

Even if it be considered that plaintiff has acquired the right to a trade name, that right must be restricted to Wilkes-Barre, the city in which its store is located, and which is part of its corporate name: Sartor v. Schaden, 101 N. W. (Ia.) 511; Peoples Trust Co. v. Safe Dep. & Tr. Co., 259 Pa. 62.

Without proof that the words "The Hub" indicates the origin or ownership of the goods sold by the plaintiff,

such words will not be protected by injunction: Laughman's App., 128 Pa. 1.

*Thomas F. Farrell,* with him *H. L. Freeman,* for appellee, cited: Penna. Central Brewing Co. v. Beer Co., 258 Pa. 45; Hanover Star Milling Co. v. Metcalf, 240 U. S. 403; Suburban Press v. Publishing Co., 227 Pa. 148; American Clay Mfg. Co. v. Clay Mfg. Co., 198 Pa. 189; Scranton Stove Works v. Clark, 255 Pa. 23.

OPINION BY MR. JUSTICE FRAZER, May 16, 1921:

Plaintiff, a corporation, is engaged in the retail clothing and gentlemen's furnishing business, in the City of Wilkes-Barre, Luzerne County. It began business in 1909, at which time it adopted the trade name "The Hub," with the design of a hub between the two words, and since that time has used this trade design in its advertising of all kinds throughout Luzerne County, including signs, billboards, stationery, newspapers and circulars and expended an amount in excess of $105,000 in such advertisement. Wilkes-Barre is the county seat and business center of Luzerne County with a number of smaller cities and towns in the vicinity, among them the City of Pittston, nine miles distant from Wilkes-Barre, containing approximately 20,000 inhabitants. Plaintiff's customers are not confined to the City of Wilkes-Barre but to the surrounding country and towns, including the City of Pittston, from which place plaintiff estimated it derived between one-fifth and one-sixth of its annual gross business of $500,000.

In July, 1920, plaintiff arranged for the purchase of a site for a branch store to be opened in Pittston. At about the same time defendants, who had for a number of years been conducting a retail clothing business in Pittston, under the name of Cohen Brothers, began extensive advertising under the trade name "The Hub," using substantially the same design as that in use by plaintiff. On August 3, 1920, defendants registered this

trade name with the secretary of the Commonwealth, pursuant to the Act of June 20, 1901, P. L. 582. Plaintiff then filed the present bill for an injunction to restrain defendants from using plaintiff's trade name, and, from a decree granting such injunction, defendants appealed.

The first argument advanced by defendants is that plaintiff could acquire no exclusive right in the trade name used, because that descriptive term, previous to the beginning of the present proceedings, had been in use by others in the vicinity of Wilkes-Barre for a number of years. While there is evidence to support this contention in part, it appears that those who at various times had done business under the name in question had discontinued its use with one exception, which was that of a dealer in men's and boys' furnishing goods in a small town adjacent to the City of Pittston and eleven miles from Wilkes-Barre. The court below found that the business done by this merchant was "so inconsiderable that plaintiff did not deem it advisable to restrain him." However this may be, the mere fact that others had infringed upon plaintiff's right without interference on its part fails to justify the infringement of defendants. Plaintiff may well have believed that the damage to its business done by others through the use of its trade name was scarcely worth the trouble and expense of instituting legal proceedings to enforce its rights, considering the slight injury their opposition would inflict upon plaintiff's trade. The mere fact that another assumed the use of plaintiff's trade design is not sufficient to estop it from maintaining proceedings to enjoin an infringement by defendants, or furnish the latter an excuse for their wrongful act: Penna. Brewing Co. v. Anthracite Beer Co., 258 Pa. 51; Clark Thread Co. v. Armitage, 74 Fed. 936; Filley v. Fassett, 44 Mo. 169.

Defendants also argue that as their store is located in a city nine miles distant from Wilkes-Barre there could

be no interference with plaintiff's trade. As the business of plaintiff is derived, not only from Wilkes-Barre but also from residents of Pittston and other parts of the county, and plaintiff's advertising not only reach local buyers but substantially people of the entire county, through the medium of signs, newspapers, printed matter, etc., there is no merit in this contention. The property in a trade-mark is not limited by fixed territorial bounds but frequently extends over a large area, depending upon the extent and character of the business, and through sources tending to attract customers from a large area: Hanover Milling Co. v. Metcalf, 240 U. S. 403, 415-16. The evidence in this case clearly shows plaintiff's market extended to the City of Pittston and its right to have its property in the trade-mark protected is coextensive with the territory throughout which it is known and from which it has drawn its trade.

The fact that plaintiff failed to register its trade-mark under the provisions of the Act of 1901 will not prevent it from enforcing its right by proper legal proceedings. The Act of 1901 merely provides that the certificate of registration issued by the secretary of the Commonwealth shall be proof of the adoption of the label or trade-mark by its holder. It does not deprive the court of jurisdiction to determine the validity of a right claimed by another person to the exclusive use of the design: Fraim Lock Co. v. Shimer, 43 Pa. Superior Ct. 221. It prohibits infringements until, or unless, the registry is revoked, upon proper proof being made to the secretary of the Commonwealth that there has been a prior adoption of the device. Aside from the question of the trade-mark, this court has said: "A manufacturer has no right to enclose his packages in labels so like that of a rival as to deceive a purchaser": Penna. Brewing Co. v. Anthracite Beer Co., supra. The effect of the act of defendants in this case must necessarily be to claim unfairly a share of plaintiff's business and produce confusion in the public mind as to the identity of

the person or firm whose goods they were buying and, consequently, result in financial loss to plaintiff.

The decree is affirmed at appellants' cost.