## Goldberg v. Zaisel.

*David Rosenthal*, for plaintiff; *M. A. Salsburg*, for defendant.

VALENTINE, J., Aug. 7, 1929.—This is a bill in equity to restrain defendant from using the trade name "Dress-Eteria."

### A statement of the pleadings and issue raised thereby.

On April 24, 1929, on the filing of bill and injunction affidavits, a preliminary injunction was awarded. A bond in the sum of $1000 with approved security was also filed.

Testimony on motion to continue the injunction was taken and the same continued until final hearing. On May 6, 1929, an answer was filed denying the essential averments of bill.

The issue raised by the pleadings is the right of defendant to use the trade name "Dress-Eteria" in connection with the operation of his ladies' cloak and suit store at No. 24 South Main Street, Pittston, Luzerne County.

### Findings of fact.

1. Plaintiff, since March, 1925, has conducted a ladies' cloak and suit store at No. 1 South Main Street, Wilkes-Barre, under the name "Dress-Eteria."

2. In April, 1927, plaintiff registered said trade name in the offices of the Secretary of the Commonwealth and the Prothonotary of Luzerne County.

3. Plaintiff's business extends throughout Wyoming Valley within a radius of twenty-five miles from Wilkes-Barre.

4. In the year 1928 plaintiff's business amounted to $254,158.61.

5. Fifteen per cent. of plaintiff's trade comes from the City of Pittston and its immediate vicinity.

6. Since the adoption of said trade name, "Dress-Eteria," in 1925, plaintiff has advertised same in newspapers published in the City of Wilkes-Barre and which circulate in Pittston City and adjacent communities.

7. Plaintiff also used said trade name, "Dress-Eteria," on the tags, wrapping paper, boxes, labels and stationery used by him in the conduct of his business.

8. By reason of the business built up by plaintiff throughout the Wyoming Valley, including the City of Pittston, said trade name, "Dress-Eteria," acquired a secondary meaning and became distinctive, and the public within the territory in which the plaintiff did business came to understand that said name and words signified the plaintiff's store.

9. In April, 1929, after plaintiff had been operating a store for four years and had built up a large trade in Pittston City and vicinity, and had at his own expense made the name "Dress-Eteria" well and favorably known throughout the Wyoming Valley, including the City of Pittston and vicinity, the defendant made arrangements to operate a retail dress store at No. 24 South Main Street, Pittston, for the selling of dresses, cloaks, suits, furs, etc., being the same commodities as the plaintiff sells, under the trade name "Pittston Dress-Eteria," and on April 5 and 6, 1929, registered said trade name, "Pittston Dress-Eteria," adopted by him, in the offices of the Secretary of the Commonwealth and the Prothonotary of Luzerne County.

10. The defendant adopted said trade name, "Pittston Dress-Eteria," with full knowledge that the plaintiff was and for four years had been using the name "Dress-Eteria" in connection with the store operated by him at No. 1 South Main Street, Wilkes-Barre, Pa.

11. The trade name "Pittston Dress-Eteria," adopted by defendant, has a natural tendency to mislead and deceive plaintiff's customers residing in Pittston and vicinity by inducing the belief that defendant's store was in fact a branch store owned and operated by the plaintiff.

## Discussion.

The plaintiff, since March 14, 1925, has operated a ladies' cloak and suit store at No. 1 South Main Street, Wilkes-Barre. Upon starting business at said location he adopted as his trade name the words "Dress-Eteria," and in April, 1927, registered said name, under the provisions of the Fictitious Names Act, in the offices of the Secretary of the Commonwealth and the Prothonotary of Luzerne County.

The plaintiff complains that the name "Dress-Eteria" has been used by him in his advertising and on stationery labels, wrapping papers and boxes, and that the defendant contemplates operating a retail dress store at No. 24 South Main Street, Pittston, for the sale of the same character of commodities sold by the plaintiff and to do business under the same name, viz., "Dress-Eteria," and to use said name in his advertising and on his stationery, labels, etc., which proposed action constitutes a fraud and will result in loss to him, and asks for an injunction restraining the defendant from advertising or selling to the public under the trade name "Dress-Eteria" or using said name in the conduct of his business.

The defendant denies the right of plaintiff to the exclusive use of the term "Dress-Eteria," and alleges that the name which he has adopted is "Pittston Dress-Eteria," which distinguishes his store from the store of the plaintiff, and relieves him of the charge of unfair competition.

Both parties are engaged in the ladies' cloak and suit business. Plaintiff's store is located in the City of Wilkes-Barre, defendant's store in the City of Pittston. Wilkes-Barre is the county seat of Luzerne County and has a population of approximately 100,000. Pittston City is located about nine miles distant from Wilkes-Barre and contains a population of approximately 19,000. Both cities are located in the Wyoming Valley.

Plaintiff established his store in 1925, and by his industry built up a substantial trade. He adopted the trade name "Dress-Eteria," and filed certificates under the provisions of the Act of June 28, 1917, P. L. 645. The name "Dress-Eteria" came to signify the store of the plaintiff, whose trade extended throughout the Wyoming Valley, and 15 per cent. of which came from Pittston and vicinity.

For some time in the fall of 1928 the defendant was employed at a store on South Main Street, Wilkes-Barre, in the immediate vicinity of the plaintiff's store, and must have known that the trade name "Dress-Eteria" was being used by the plaintiff.

The defendant first contemplated opening his store and adopted the trade name "Pittston Dress-Eteria" in April, 1929, four years after plaintiff had adopted the name "Dress-Eteria" in connection with the store owned and operated by him at No. 1 South Main Street, Wilkes-Barre.

While Pittston is to some extent an industrial and business centre, yet it is tributary to the City of Wilkes-Barre, and inasmuch as plaintiff's trade extends throughout the territory which includes the City of Pittston and the surrounding communities, the plaintiff is entitled to protection therein.

In support of the proposition that plaintiff has no right to the exclusive use of the name "Dress-Eteria," defendant has strenuously argued that the words are merely descriptive and indicate a ladies' dress shop where the customers wait on themselves or make their own selection. We do not regard this as controlling. A similar proposition was passed upon by our Supreme Court in Hub Clothing Co. v. Cohen, 270 Pa. 487, in which appellant contended that the plaintiff had no exclusive right to the use of the words "The Hub," and that the defendants could not lawfully be restrained from using the words in connection with a clothing store proposed to be operated by defendants in the City of Pittston, and that plaintiff's right to the use of the words was confined to the City of Wilkes-Barre, in which its store was located.

"Irrespective of the question of trade-mark, a manufacturer has no right to enclose his product in packages so like those of a rival manufacturer as to deceive a purchaser or to enable a dealer to do so:" Pennsylvania Central Brewing Co. v. Anthracite Beer Co., 258 Pa. 45. As was there said by Mr. Justice Walling, speaking for our Supreme Court (page 49): "It is not a case of a trade-mark, technically so-called, but of unfair competition, in which defendant by imitating plaintiff's containers secures to some extent the benefit of the high standing of plaintiff's product."

"The existence of a valid trade-mark is not essential to a right of action for unfair competition. Irrespective thereof, persons have no right to dress their goods up in such manner as to deceive an intending purchaser and induce him to believe he is buying those of the plaintiffs, and they may be restrained from so doing. To entitle a person to such relief, a proprietary interest in the terms or symbols used is held not to be essential, it being sufficient if he has an interest in the good-will of the business or in the other property threatened:" 26 Ruling Case Law, § 55, page 878. The issue of unfair competition frequently arises where one who has no valid trade-mark nevertheless com-

plains of another who attempts to pass off his own goods as the goods of his rival: Rosenberg v. Elliott, 7 Fed. Repr. (2nd) 962.

"Any conduct, the natural and probable tendency and effect of which is to deceive the public so as to pass off the goods or business of one person as and for that of another, constitutes actionable unfair competition:" 38 Cyc., 756.

"A dealer coming into a field already occupied by a rival of established reputation must do nothing which will unnecessarily create or increase confusion between his goods or business and the goods or business of his rival:" 38 Cyc., 794.

If the effect of defendant's conduct be to injure plaintiff, the fact that the defendant had no fraudulent intent is no defense: Suburban Press v. Philadelphia Suburban Publishing Co., 227 Pa. 148.

In the case of Hub Clothing Co. v. Cohen, supra, it appeared that the defendants contemplated using in connection with the name "The Hub" at their store in the City of Pittston the words "Cohen Brothers," and defendants contended that the use of the words "Cohen Brothers," together with the fact that their store was located in the City of Pittston, clearly distinguished their place of business from that of the plaintiff located in Wilkes-Barre, nine miles distant, and that, therefore, plaintiff was not entitled to relief by injunction on the theory of unfair trade competition. In passing upon this question, our Supreme Court, per Mr. Justice Frazer, said (page 490): "Defendants also argue that, as their store is located in a city nine miles distant from Wilkes-Barre, there could be no interference with plaintiff's trade. As the business of plaintiff is derived, not only from Wilkes-Barre but also from residents of Pittston and other parts of the county, and plaintiff's advertising not only reaches local buyers but substantially people of the entire county, through the medium of signs, newspaper, printed matter, etc., there is no merit in this contention. The property in a trade-mark is not limited by fixed territorial bounds, but frequently extends over a large area, depending upon the extent and character of the business and through sources tending to attract customers from a large area. . . . The evidence in this case clearly shows plaintiff's market extended to the City of Pittston, and its right to have its property in the trade-mark protected is coextensive with the territory throughout which it is known and from which it has drawn its trade."

We cannot escape the conclusion that the present case is ruled by Pennsylvania Central Brewing Co. v. Anthracite Brewing Co. and Hub Clothing Co. v. Cohen, supra.

As was said in the latter case (page 491): "The effect of the act of the defendants in this case must necessarily be to claim unfairly a share of plaintiff's business and produce confusion in the public mind as to the identity of the person or firm whose goods they were buying, and, consequently, result in financial loss to plaintiff."

We, therefore, make the following

### Conclusions of law.

1. Defendant's proposed use of the name "Dress-Eteria" constitutes unfair trade competition.

2. Defendant's proposed use of the name "Dress-Eteria" will unlawfully mislead and deceive plaintiff's customers in Pittston and vicinity and the public generally.

3. The injunction heretofore granted should be made perpetual and defendant enjoined from conducting his business in the City of Pittston under the trade name "Pittston Dress-Eteria," and from using said name on signs, sta-

tionery, wrapping paper, boxes, labels, etc., in connection with his store at said location.

### Decree nisi.

And now, Aug. 7, 1929, on consideration of the foregoing case, it is ordered, adjudged and decreed as follows:

1. That the defendant be enjoined from transacting business at his store in the City of Pittston, Luzerne County, Pa., under the signs, stationery, wrapping paper, boxes, labels, etc., used by him in the conduct of his business at said location.

2. That the defendant pay the costs of this proceeding.

NOTE.—Decree final Sept. 24, 1929.

From Frank P. Slattery, Wilkes-Barre, Pa.