**POCONO RUBBER CLOTH CO. v. J. A. LIVINGSTON, Inc.**

**J. A. LIVINGSTON, Inc., v. POCONO RUBBER CLOTH CO.**

Nos. 5515, 5529.

Circuit Court of Appeals, Third Circuit.

Aug. 30, 1935.

William F. Hall, of Washington, D. C., and Charles F. Dane, of New York City, for Pocono Rubber Cloth Co.

Abraham Shamos and Milton E. Mermelstein, both of New York City, for J. A. Livingston, Inc.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

This was a suit by J. A. Livingston, Inc., hereinafter called plaintiff, against the Pocono Rubber Cloth Company, for infringement of its trade-mark, "Suavelle." The learned trial judge found that the plaintiff's trade-mark was valid and infringed, but limited its scope and operation to "clothing" of women and children and permitted the defendant to use its trade-mark on merchandise other than on "articles of women's or children's clothing, bearing the trade-mark 'Swavel' either alone or in combination with other words or symbols." The plaintiff appealed from the decree because of this limitation, and the defendant appealed because the plaintiff's trade-mark was held to be valid and infringed by it.

Early in 1930 plaintiff began to use a fine, pure, satin-face silk fabric which was made for it exclusively, to which it gave the name "Suavelle." It was used for women's and children's dresses and "sports wear." On May 24, 1930, it applied to the United States Patent Office for registration of the name as a trade-mark and it was granted and registered on March 24, 1931.

Notwithstanding that plaintiff itself does not advertise its business, though some of its customers among the leading shops and stores of New York, Philadelphia, Boston, San Francisco, Los Angeles, Miami, and elsewhere, do advertise it, plaintiff's sales in "Suavelle" dresses by June, 1933, exceeded $250,000.

The defendant, which is a New Jersey corporation, began around April, 1930, to manufacture and sell a "suede-like material" to which in January, 1931, it gave the name of "Swavel." This was about a year after the plaintiff had begun to use the word "Suavelle" and eight months after it had applied for registration of the name as its trade-mark. On January 17, 1931, the defendant applied for the registration of the name "Swavel" as its trade-mark. This application was first made under Class 42, "Knitted, netted and textile fabrics," the same class under which the plaintiff had first applied and under which its mark had been published in July, 1930. The defendant's application was later, by amendment, changed to Class 50, for "merchandise not otherwise classified," and registration in that class was granted May 26, 1931, two months after the registration of the plaintiff's trade-mark.

The defendant manufactures the cloth which it calls "Swavel" and sells it to others who make it into various articles, such as bridge-table covers, carryalls, raincoats, shoes, and women's outfits including coats and jackets. It furnished to its customers labels which were sewed upon the articles, including women's garments, made from the defendant's cloth.

The defendant advertised its product as suitable for women's and misses' coats and jackets. It advertises in the trade journal which features the plaintiff's product, and one of the advertisements appeared on the reverse side of the page of "Women's Wear" which carried pictures of the plaintiff's dresses. The defendant's coats and jackets are sold by the same parties and in the same stores as are women's dresses and move "in the same channel of trade" as does plaintiff's product.

Defendant says that the use of the word "Suavelle" does not establish trade-mark rights and the trade-mark is not valid for the reason that it was never used as a trade-mark for sports garments marketed by the plaintiff.

There is testimony, however, which is clear and positive, to the contrary. Miss Brennan testified that the dresses made of the material in question came with the tag of the manufacturer on them, but they removed that tag from the dresses and put on them the tag of the department store or stores for which she was working and wrote on the back of the tag the word "Suavelle." The dresses so tagged were not only sold from the stores in New York but also from those in South Hampton, Magnolia, Palm Beach, and elsewhere.

■ The defendant further says that substantially the same word as "Suavelle," or similar words, were used on the same or similar goods as trade-marks by others at the date the plaintiff entered the field, and the trade-mark is invalid for that reason. The words to which it refers are "crepe suval," "cavel," "syvel," "chamovelle," "chervel," and "shelvel."

We do not think that the word "Suavelle" so nearly resembles any of these words or trade-marks as to be likely to cause confusion or mistake in the mind of the public or to deceive the purchasers.

Congress provided in the Act of February 20, 1905, § 5 (15 USCA § 85): "That trade-marks which are identical with a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties, or which so nearly resemble a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers shall not be registered."

■ As to the descriptive properties of the materials of plaintiff and defendant the learned trial judge said: "Both litigated

448

commodities are materials for women's garments. Both are used for the fabrication of such garments. Both are, therefore, sold first to fabricators of women's garments, and ultimately to the consumer who wears such garments. Both present a surface having a gloss. That is the inherent and typical quality of silk. The sheen of defendant's suede is artificial." 8 F. Supp. 249, 250.

The evidence justifies the conclusion that the materials of the plaintiff and defendant are, within the definition of our case of Rosenberg Brothers & Co. v. Elliott, 7 F.(2d) 962, 966, "of the same descriptive properties." True there may be some difference in the materials, but after mentioning this the trial court said: "This difference is servient to and will be obscured in the mind of the average purchaser by their joint character as women's garments with a glossy or silk like finish."

■ The defendant suggests that its trade-mark should be pronounced "Swa-vel," with the accent on the first syllable, giving the "a" a long sound to distinguish it from the plaintiff's trade-mark "Suavelle," which has the accent on the second syllable.

The selection of the word "Swavel" by the defendant following so closely upon the selection of the word "Suavelle" by the plaintiff would hardly seem a mere coincidence. A fair interpretation of the evidence rather indicates that the word was chosen by design. It is absolutely impossible for the defendant to control the pronunciation which the trade would give to the word. It is apparent that the word so nearly resembles in sound, appearance, and spelling the plaintiff's trade-mark that it will necessarily cause confusion or mistake in the public mind and will deceive purchasers who will think they are buying merchandise produced by the plaintiff, when as a fact they are purchasing defendant's merchandise.

Infringement of the plaintiff's trade-mark by the defendant is evident. Consequently the defendant is enjoined from using the word "Swavel" not only on articles of women's and children's clothing but from using it on any of its products.

The decree of the District Court as thus modified is affirmed.