**NOLL et al. v. PENNEX PRODUCTS CO.**

**Civil Action No. 3106.**

District Court, W. D. Pennsylvania.

Jan. 30, 1945.

Edward A. Lawrence, of Pittsburgh, Pa., for plaintiffs.

Stebbins, Blenko & Webb, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

In this action by William F. Noll, Virginia E. Berghoff and John R. Noll, partners doing business under the firm name of The Pinex Company, against The Pennex Products Company, a Pennsylvania corporation, the plaintiffs seek injunctive relief and damages based upon two causes of action, one being for infringement of a trade-mark and the other being for unfair competition. The action is now before us on defendant's motion to dismiss

the action based on unfair competition, for the reason that the amended complaint fails to state a claim upon which relief can be granted.

Plaintiffs aver, inter alia, in their complaint, ownership of the trade-mark "Pinex," covering certain drugs; that defendant infringed their trade-mark by the use of the name "Pennex" on similar and like goods sold within the jurisdiction of this court and elsewhere; that defendant continues to use said name in competition with goods of the plaintiffs; that the same constitutes acts of wrongful and unlawful invasion of plaintiffs' rights and good will in their business; that the goods are of the same character and descriptive properties as sold by plaintiffs under their trade-mark "Pinex" and are sold by the defendant to the same class wholesale and retail drug and grocery trade throughout the United States; that the acts of defendant constitute unfair competition and its acts knowingly and wrongfully opened the door to confusion in the minds of wholesale and retail trades between the goods of plaintiffs and the goods of defendant, to the great profit of defendant.

Defendant contends that the complaint is insufficient as to the cause of action based on unfair competition, because there is no allegation of fraud or deceit or palming or dishonest dealing of any kind. Plaintiffs contend that such averment or averments are unnecessary.

▇ Plaintiffs' attorney stated in open court, at the oral argument, that regardless of the prayers for relief in the complaint, that plaintiffs sought only injunctive relief. Both parties, by their attorneys, at the oral argument agreed that the common law of Pennsylvania governed the substantive rights of the parties. No Pennsylvania case cited, directly rules the issue now before us. In Pennsylvania Central Brewing Company v. Anthracite Beer Company, 258 Pa. 45, 101 A. 925, 926, the Court, in its opinion, stated:

" 'And it may be stated broadly that any conduct, the natural and probable tendency and effect of which is to deceive the public, so as to pass off the goods or business of one person as and for that of another, constitutes actionable unfair competition.' 38 Cyc. 756. If the effect be to injure plaintiff, the fact that defendant had no fraudulent intent is no defense. Suburban Press v. Philadelphia Suburban Publishing Co., 227 Pa. 148, 75 A. 1037; American Clay Mfg. Co. v. Amer. Clay Mfg. Co. of New Jersey, 198 Pa. 189, 47 A. 936; E. T. Fraim Lock Co. v. Shimer, 43 Pa.Super. 221. 'A dealer, coming into a field already occupied by a rival of established reputation, must do nothing which will unnecessarily create or increase confusion between his goods or business and the goods or business of his rival.' 38 Cyc. 794."

See also Juan F. Portuondo Cigar Manufacturing Company v. Vicente Portuondo Manufacturing Company, 222 Pa. 116, 70 A. 968.

The principle or rule of law stated above has been recognized by decisions in the Third Circuit Court of Appeals. See Akron-Overland Tire Co. v. Willys-Overland Co., 273 F. 674; Kotabs, Inc., et al. v. Kotex Co., 50 F.2d 810, and Pocono Rubber Cloth Co. v. J. A. Livingston, Inc., 79 F.2d 446.

In the absence of an authority to the contrary, I am of the opinion that the principle or rule of law stated in the above cases should be applied in the disposition of the motion now before the Court.

Rule 1 of the Rules of Civil Procedure, 28 U.S.C.A. following 723c, provides that said rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." Rule 8(a) provides that "A pleading which sets forth a claim for relief, * * * shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled." In the appendix of forms, which are intended for illustration only, see Form 17, on a cause of action for "Complaint for Infringement of Copyright and Unfair Competition."

▇ The motion should be refused without prejudice to defendant to raise the same question or questions contained therein at the trial.

Let an order be prepared and submitted in accordance with this opinion.