# Fictitious Corporate Names (No. 1)

MARVIN GARFINKEL, Deputy Attorney General, and THOMAS D. McBRIDE, Attorney General, September 5, 1957.—You have requested our opinion as to whether a corporation, either incorporated, domesticated or authorized to do business within this Commonwealth under the Business Corporation Law of May 5, 1933, P. L. 364, 15 PS §§2852-1 to 2852-1202, may, under the provisions of the Fictitious Corporate Name Act of July 11, 1957, P. L. 783, register a fictitious name which is the same as, or deceptively similar to, the proper corporate name of a domestic corporation or of a foreign corporation authorized to do business in this Commonwealth.

The Fictitious Corporate Name Act provides that a foreign or domestic corporation, either alone or in combination with any other entity,* may not after

---

* The term "entity" is defined by section 2(5) of the Fictitious Corporate Name Act as: "Any natural person, corporation, association, partnership, joint-stock company, business trust, syndicate, joint adventureship or other combination or group of persons."

September 1, 1957, conduct business in this Commonwealth under any fictitious name unless such corporation shall have first registered such fictitious name by filing an application in the office of the Secretary of the Commonwealth and in the office of the prothonotary of the county wherein the registered office of such corporation is located: Section 5. A foreign corporation using a fictitious corporate name may register only after it has been authorized to carry on or conduct business under the laws of this Commonwealth: Section 10.

The registration required under the statute is in addition to all other acts required of a corporation prerequisite to its doing business in this Commonwealth and no provision of the statute may be construed as relieving a corporation of any duty under any other law: Section 23. Registration under the Fictitious Corporate Name Act imparts no legal right to the registering corporation except that the conducting of business by it under a registered fictitious name is not a violation of the act: Section 24.

Prior to the enactment of the Fictitious Corporate Name Act, corporations in Pennsylvania using names other than their proper corporate name were not required to register such names. See our formal opinion to the Secretary of the Commonwealth dated April 24, 1930, 13 D. & C. 524 (1930), in which this department stated that for the purpose of administering the corporation laws, the Department of State must take the position that a Pennsylvania corporation cannot adopt or use a name other than that contained in the certificate of incorporation. This view is, of coure, no longer applicable by reason of the adoption of the Fictitious Corporate Name Act. We also stated in that opinion that the Department of State may not register as an assumed or fictitious name of an individual, or of individuals, a name such as one concluding with

"Inc." or "Incorporated" or "Corporation", since the use of such an assumed or fictitious name must necessarily deceive the public into believing that the business conducted under such name has been incorporated. We stated that "whether a business is conducted by an individual, a partnership or a corporation may or may not be important, but in any event public policy would seem to require that official recognition should not be given in any way, shape or form to the use of a name which on its face is calculated to deceive the public." This basic policy must still control your department in registering fictitious names whether the person seeking registration be an individual or a corporation. This principle directly applied to registrations under the Fictitious Corporate Name Act prohibits the registration of a name under that act if it contains a corporate designation and one or more of the entities in combination with which the registering corporation seeks to conduct the business under the fictitious name is not a corporation. For the same reason, you may not register a name which appears to be the proper name of an individual since such name may deceive the public into believing that the entity using the name is an individual with unlimited liability.

Pennsylvania lower courts have held that corporations may trade under asumed names other than their proper corporate names: Philadelphia School of Beauty Culture v. Haas, 78 D. & C. 97, 100 (1949); Hershey Estates v. Rettew, 19 D. & C. 262 (1933); Apparel Arts Publications, Inc., v. United Knitting Company, Inc., 17 D. & C. 685 (1932); McCarthy Brothers & Wilson, Inc., v. Schmitt, 6 D. & C. 147 (1925); Berg Brothers v. Douredoure Brothers, 5 D. & C. 597 (1925). Cf., Phillips v. International Text Book Company, 26 Pa. Superior Ct. 230 (1904).

Prior to the enactment of the Fictitious Corporate Name Act, your department did not generally have occasion to consider the propriety of the assumption of a particular fictitious name by a corporation. Of course, it was of significance to a corporation which had registered a particular name as its proper corporate name that another corporation had assumed the name and was using it as a fictitious name in its activities. The courts have often restrained one entity from using a name deceptively similar to that previously assumed by another, especially where an appropriation of the good will and trade of the prior user is involved. See R. H. Macy and Company v. Macy's Drug Store, Inc., 84 F. 2d 387 (3rd Cir. 1936). The United States District Court extensively reviewed the applicable Pennsylvania case law in Acme Chemical Co. v. Dobkin, 68 F. Supp. 601 (W. D. Pa. 1946). In Pennsylvania Central Brewing Company v. Anthracite Beer Company, 258 Pa. 45, 101 Atl. 925 (1917), the Pennsylvania Supreme Court held that conduct, the natural and probable effect of which is to deceive the public so as to pass off the goods or business of one person as and for that of another, constitutes actionable unfair trade competition. The court stated that if the effect of the assumption of another's name is to injure the person senior in business, the fact that defendant had no fraudulent intent is no defense to a claim for injunctive relief.

The various provisions of the Business Corporation Law pertinent to corporate names must be considered in pari materia with the Fictitious Corporate Name Act. The two laws must be construed together where possible as one law: Section 62 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §562. Section 202 of the Business Corporation Law sets forth certain limitations upon "the corporate name". Section 203 of the act sets forth the procedure

whereby a corporation may reserve the exclusive right to use a corporate name for a limited period of time. Section 204 of the act provides that the article of incorporation must set forth "the name of the corporation. . . ." The "corporate name" referred to in the various provisions of the Business Corporation Law is the name referred to in section 2(6) of the Fictitious Corporate Name Act as the "proper corporate name of the corporation using such name". Section 202 of the Business Corporation Law, in restricting the use of the corporate name, reflects sound public policy in prohibiting the use of certain specific names and in eliminating the use of other names except under certain circumstances. A corporate name may not imply that the corporation is a governmental agency of the Commonwealth or of the United States. It may not be the same as, or deceptively similar to, the name of any other domestic corporation or of a foreign corporation authorized to do business in this Commonwealth, or of the name of any unincorporated body whatsoever voluntarily registered with the Department of State under any Act of Assembly. Subsection (b) of this section includes the following provision:

"Provided, That nothing herein contained shall be construed to refer or apply to any assumed or fictitious name required by law to be filed with the Department. . . ."

Since, at the time of the adoption of the Business Corporation Act, there was no law of the Commonwealth requiring the registration of fictitious names used by corporations, the significance of this proviso is that a corporation is not prohibited from using as its proper corporate name a name which had been previously registered as an assumed or fictitious name of an individual or partnership. This is consistent with the basic principle underlying the Fictitious Names Act of May 24, 1945, P. L. 967, as amended, 54 PS

§§28.1-28.13, and its predecessor, the Act of June 28, 1917, P. L. 645, as amended, 54 PS §§21-27 (1930), that registration of a fictitious name is not an appropriation of such name but rather a divulgence of the identity of persons using the name for the protection of the public. The Fictitious Names Act of 1945 and its predecessor did not prohibit the assumption of the same fictitious name by a number of individuals or partnerships and the duplicate registrations thereof. Nor did either of these acts preclude an individual or partnership from assuming and registering thereunder a fictitious name which was similar to the name of a corporation registered under the corporation laws of the Commonwealth.

Section 202 of the Nonprofit Corporation Law of May 5, 1933, P. L. 289, 15 PS §2851-202, restricts a corporate name which may be adopted by a nonprofit corporation in much the same manner as section 202 of the Business Corporation Act.

The right of a corporation to the exclusive use of its own name existed at common law. See Consolidated Home Specialties Company, 358 Pa. 14, 19, 55 A. 2d 404 (1947).

These various restrictions upon the name which a corporation may adopt as its proper corporate name would be without real significance if a corporation were permitted to use as an assumed or fictitious corporate name, a name which it is prohibited from assuming as its proper corporate name. The Fictitious Corporate Name Act, by the provisions of sections 23 and 24, is not intended to extend to corporations any rights which prior to the adoption of the act they did not have. The act is intended only to limit and control a right which corporations previously had, that is, to use an assumed or fictitious corporate name where such use is not in contravention of the laws of the Commonwealth or the rights of others.

Prior to the adoption in 1933 of the Business Corporation Law and of the Nonprofit Corporation Law there were no general statutory prohibitions against corporations adopting a proper corporate name which was the same as, or deceptively similar to, that of another corporation. Section 2 of the Act of May 16, 1923, P. L. 246, 15 PS §442, did prohibit certain unincorporated associations and organizations and nonprofit corporations from registering a name that was the same as, or deceptively similar to, a previously registered name while the Act of May 18, 1917, P. L. 257, repealed by section 1102 of the Nonprofit Corporation Law, prohibited the use of certain names similar to the name of State governmental units by nonprofit corporations. Nevertheless, the Secretary of the Commonwealth had, prior to the adoption of the Corporation Laws of 1933, developed a practice of refusing to grant charters to corporations under a name similar to that of a previously incorporated corporation. See Standard Quemahoning Coal Company, 39 Pa. C. C. 97 (1911), wherein this office in an opinion to the Governor on June 27, 1911, reviewed the applicable law regarding the registration of similar corporate names. See also Kidd Brothers and Burgher v. Steel Wire Company, 5 Dist. R. 56 (1895); Bradley Fertilizer Company of Philadelphia, 6 Dist. R. 423, 19 Pa. C. C. 971 (1897); In re Pittsburgh No. 8 Coal Company, 16 Dist. R. 577 (1907); In re Pennsylvania Correspondence School, 13 Dist. R. 445, 28 Pa. C. C. 512 (1903); Similarity of Corporation Names, 12 Dist. R. 373 (1903); Hershey Brothers' Application, 29 Dist. R. 786 (1919). This department, in an opinion to the Secretary of the Commonwealth dated December 13, 1916, Sterling Smokeless Coal Company's Application, 26 Dist. R. 755 (1916), stated that in considering whether to refuse an application for a charter because of similarity of

a proposed corporate name with that of a corporation previously chartered, the Secretary of the Commonwealth should consider ". . . not only whether such similarity would operate to disconcert it [the Commonwealth] in its imposition and collection of taxes or produce uncertainty in the service of judicial process, but also, and of equal importance, whether such similarity would produce confusion in the public mind or hamper the activities of the Federal Government, especially that of its postal service."

We stated that:

"The government of a state exists for the benefit of its citizens, and its officers are trustees for the public good. To approve the application of a proposed corporation whose name is so similar to that of a corporation in existence as to create in the minds of the public an uncertainty as to the identity of the respective corporations would be an inadequate exercise of the official duty and public trust. The corporation directly so injured may resort to the courts, but the public cannot. It is the duty of the executive officials of the State to guard the interest of its citizens, and they cannot escape that duty by its reference to the judiciary."

These principles are still applicable. The Secretary of the Commonwealth may not, in registering a fictitious corporate name pursuant to the provisions of the Fictitious Corporate Name Act, acquiesce in or knowingly become a party to the assumption by a corporation of a fictitious name in contravention of public policy or where such assumption may lead to an infringement upon the rights of another corporation. Nevertheless, you must register a name where it appears from the application the corporation seeking the name has a real vested property right in the name. This would be the case where the corporation seeking the registration had, prior to the adoption of the Ficti-

tious Corporate Name Act, properly used the name it seeks to register, even though such name is the same as, or deceptively similar to, a name which had been previously registered as a proper corporate name by another corporation. This rule is not applicable to fictitious names assumed by corporations after the effective date of the Fictitious Corporate Name Act since registration must occur immediately upon first use. If, when a corporation seeks to register a fictitious name, it should develop that another corporation is using the name as a proper corporate name, then the corporation seeking to adopt the name as a fictitious name is forewarned prior to the accruing of property rights through use. In applying this principle you must act only in a ministerial capacity. You need not, therefore, go beyond the allegations in the application.

You are, therefore accordingly advised that you may, under the provisions of the Fictitious Corporate Name Act, register any fictitious name as defined therein which a corporation in its registration application alleges it has assumed prior to the effective date of the Fictitious Corporate Name Act, notwithstanding that such name is the same as, or deceptively similar to, the proper corporate name of a Pennsylvania corporation or of a foreign corporation authorized to do business in this Commonwealth. You may not, however, register under the Fictitious Corporate Name Act a fictitious name adopted on or after September 1, 1957, that is the same as, or deceptively similar to, the proper corporate name of a domestic corporation or of a foreign corporation authorized to do business in this Commonwealth, except where such name could be adopted by the corporation seeking registration as its proper corporate name pursuant to the provisions of the corporation laws of this Commonwealth.